MUNCIE WHEEL & JOBBING CO. *v.* FINCH.

1. SALES — IMPLIED WARRANTY — LATENT DEFECT — BURDEN OF PROOF AS TO CHARACTER OF DEFECT.

Where a defect in certain gearing was discoverable by inspection, unless because of the difficulty of removing a steel housing which covered it, the burden is upon the buyer, when sued for its price, to show the means by which the housing was secured, if he would avoid the estoppel which would otherwise arise from his failure to inspect within a reasonable time.

2. SAME—BREACH OF WARRANTY — DAMAGES — HARMLESS ERROR.

Where, in an action for the price of certain machinery, in which defendant claims damages because of defects in the articles furnished, the jury render a verdict for the plaintiff for the full amount claimed, thereby showing they had no occasion to consider the question of defendant's damages, alleged errors in the charge respecting defendant's damages are immaterial.

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—NECESSITY.

Questions not raised by any assignment of error will not be considered though discussed in the brief.

4. TRIAL — MISCONDUCT OF COUNSEL — PROVOCATION BY PARTY COMPLAINING.

That plaintiff's attorney called defendant a liar while cross-examining him as a witness, while not justifiable, will not cause reversal, where the attorney was at the time unde-

great provocation caused by an unresponsive statement of the witness charging him with suppressing evidence, and the court promptly reproved counsel and counsel withdrew the statement and apologized.

5. SAME—ARGUMENT—PROPRIETY.

An argument by counsel that defendant's contention is not made in good faith will not be regarded as error where the circumstances are such that defendant's good faith is a proper subject of inquiry and comment.

Error to Wayne; Murphy, J. Submitted October 10, 1907. (Docket No. 28.) Decided December 10, 1907.

Assumpsit by the Muncie Wheel & Jobbing Company against Edward B. Finch and William A. Pungs for goods sold and delivered. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Dwight C. Rexford*, for appellants.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

CARPENTER, J. Defendants, doing business as co-partners, contracted with the plaintiff to purchase 15 automobile gears. The controversy in this case relates to seven of those gears. These gears were received by defendants as early as June 27, 1904, and were by them returned to plaintiff August 23, 1904, on the ground that the teeth did not mesh. Plaintiff seeks in this suit to recover the contract price of said gears. Defendants resist this claim and ask damages for the breach of the contract. The case was submitted to a jury who rendered a verdict for plaintiff for the full amount of its claim.

1. The trial court charged the jury:

"The burden rests upon the purchaser of goods, such as are involved in this case, within a reasonable time to make such a reasonable examination and inspection of them to discover any defects, and if there were any defects in the goods on their receipt, discoverable in such a time, and if they were not discovered, the defendants could not set up those defects; they are supposed to be estopped from setting them up."

Defendants contend that this charge was erroneous. They insist that the defect in the gear was a latent one, and that instead of leaving the question to the jury, the trial court should have decided that they were under no obligation to discover it within a reasonable time. The defect in question was discoverable by an examination, but it required the removal of the housing—steel casting —which inclosed the gear. Defendants insist that it also required the removal of the grease upon the gear, but it cannot be said that it is shown by this record—it is certainly not conclusively shown—that there was any grease upon the gear when received by them. Defendants' obligation to remove the housing and examine the gearing is one which might depend on the method by which said housing was attached in place. If, for instance, it was fastened by a thumbscrew and removable at will, it would present no obstacle to a discovery of the defect in question, while it might be otherwise if it were rivetted in its place. There is nothing in the record which shows how said housing was attached. What inference shall be drawn from this omission? Manifestly that depends on where the burden of proof lies, and the inference will be against the party who has that burden. Under the principle of *Smith* v. *Pickands*, 148 Mich. 558, the burden rested upon defendants who had accepted the gears to prove that they had a right to return them. To meet this burden, the testimony must, at the very least, satisfy the tribunal to which it was addressed that they could not, by the exercise of reasonable care, have discovered the defect within a reasonable time. If they were prevented from making this discovery by an irremovable housing, they could easily have proved it, and it was their duty to prove it. Not having done so, they cannot complain because the question was submitted to the jury.

2. Complaint is made because the trial court left it to the jury to say, in the event of their finding that defendants were entitled to damages, whether plaintiff had notice that the gears in question were intended to be used

on a certain contract, the profits of which it is claimed defendants lost because the gear was defective. Defendants say that this was erroneous because the notice to the plaintiff was proved by the undisputed testimony. While I do not think that the notice was established by undisputed testimony, I think it best to answer defendants' complaint by saying that the jury having rendered a verdict for the full amount of plaintiff's claim, they had no occasion to consider the question of defendants' damages. As they made no use of the charge complained of, we are not called upon to determine its correctness. *Brown* v. *Harris*, 139 Mich. 374.; *Sterling* v. *City of Detroit*, 134 Mich. 22; *N. & M. Friedman Co.* v. *Assurance Co.*, 133 Mich. 212.

3. It is said in defendants' brief:

"The court erred in instructing the jury that if they (defendants) accepted them (the gears) they were not entitled to damages for delay."

No assignment of error raising this question is referred to, and we can discover none. We, therefore, do not consider it.

4. Misconduct of counsel. Complaint is made because plaintiff's counsel, in cross-examining defendant Pungs, said: "You are a liar, Mr. Pungs." We answer this complaint by quoting from the opinion of the learned trial judge in denying a motion for a new trial:

"The entire testimony bearing upon the incident referred to should be borne in mind. While the statement of plaintiff's counsel was not justified, yet he was under great provocation offered by the defendant Pungs, who was being cross-examined by him at the time. The charge made by the witness, and it was not responsive to any question put to him, was couched in this language: 'You know as well as I do that you have got that letter and can produce it if you want to.' (And it was in reply to this accusation that counsel called witness a liar.)

"The manner of the witness and the directness of his statement left no doubt, I think, in any hearer's mind that he was charging the examiner with the suppression of evi-

dence. This manifest meaning was later withdrawn and the colloquy between counsel and the witness at that time was such as to have removed from any intelligent mind the prejudice, if any, which the use of the term 'liar' had raised against the witness. But, moreover, there was reproval by the court, and specific remedial instructions to the jury twice during the episode. * * * To this should also be added the admission of impropriety and the apology made by the offending counsel. It seems to me it would be a wholesome practice to leave a witness who, by an unwarranted charge, provokes prejudicial language from an examiner, in any situation which might naturally be expected to arise and which does follow from such impropriety. However, this was not done, but care was taken by the court to remove any resulting harm."

Complaint is also made because plaintiff's counsel charged that defendants' contention that the gears were defective was not made in good faith. We also answer this complaint by quoting from said opinion of the trial judge:

"I do not think that counsel for plaintiff transgressed the bounds of legitimate argument or examination as urged. It was plaintiff's contention that the gears in question were up to the required standard. Payments on account were made by the defendants after the time when they, according to the present claim, had knowledge of the alleged defects now complained of. As late as July they talked about ordering additional gears for a racing machine. Under these circumstances the good faith of the defendants was a proper subject of inquiry and comment."

Other complaints are made. We have examined them and find them devoid of merit. They raise no question which demands discussion.

Judgment affirmed.

McAlvay, C. J., and Grant, Blair, and Montgomery, JJ., concurred.