## WERNEY *v.* REID.

1. TRIAL—INSTRUCTIONS—CHARGE TO BE TAKEN IN ENTIRETY.
   The charge of the court is to be taken in its entirety.

2. NEGLIGENCE—TRIAL—INSTRUCTIONS—PERSONAL INJURIES.
   In an action for personal injuries inflicted upon a 3-year-old boy when he was struck by defendant's automobile while attempting to cross a public street, the issues bearing on defendant's negligence, as raised by conflicting testimony, *held*, properly presented to the jury.

3. SAME — PLEADING — EVIDENCE — OPENING DOOR FOR NEGATIVE TESTIMONY.
   Where no proof was offered in support of the allegation in the declaration of failure to place in charge of the automobile only competent, experienced, cautious, and
   219—Mich.—17.

prudent drivers, defendant's contention that the door was opened for proving the negative is untenable.

4. SAME—EVIDENCE—HABIT—APPEAL AND ERROR.

Where defendant had previously testified without objection that he had driven a car for about nine years and used one daily in his business, his further testimony that he never had an accident is not open to the objection applicable to evidence of safe place and other accidents, or similar acts and occurrences, but it had a tendency rather to show habit and experience, and its admission, therefore, cannot be said to be reversible error.

Error to Wayne; Goff (John H.), J. Submitted January 24, 1922. (Docket No. 137.) Decided July 20, 1922.

Case by Samuel Werney, an infant, by his next friend, against Joseph R. Reid for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Benjamin & Betzoldt,* for appellant.

*Frank H. Watson,* for appellee.

STEERE, J. On August 10, 1918, Samuel Werney, a little child scarcely 3 years old, started to cross High street between Hastings and Antoine streets in the city of Detroit and was injured by defendant's passing automobile. Aside from some bruises of minor importance he suffered a comminuted fracture of his left thigh bone about the middle third. He was taken at once to the children's free hospital for treatment where he remained until September 21, 1918, when he was discharged. Dr. Shilkowski, who attended him, testifying as to the injury and its result, said that there was "no shortening of the injured leg" and "he made good recovery, considering the case." This action was brought by the child's father as next friend to re-

cover damages from plaintiff for negligently causing such injury.

Hastings street in the locality of the accident is a busy thoroughfare with a street car line upon it and families with numerous children living in the vicinity. A structure called the Hannah Schloss building, occupied by the United Jewish Charities, is located on the north side of High street about 50 feet west of Hastings with a large court or open space adjacent used by the children as a play-ground. The injured child started alone from the curb near that building to cross High street just as defendant was driving past with his automobile going east. The street in that vicinity is 25½ feet in width between curbs.

Plaintiff's declaration charged defendant with negligently running over the child in violation of the duty he owed him under the common law, the statutes of the State of Michigan, and the ordinances of the city of Detroit, with allegations of almost every ground of negligence which might arise under them, including failure "to place in charge of said automobile, only competent, experienced, cautious and prudent drivers."

Defendant was driving a Reo car accompanied by his wife and two of their friends. The testimony of the respective sides as to the circumstances of the accident is in striking conflict. Plaintiff's testimony showed that defendant was driving his car east along High street past where there were numerous children playing, at a speed of 20 to 25 miles an hour, on the wrong or north side of the street; that the injured child stepped from the north curb and started across the street when defendant was from 30 to 60 feet from him and was unable to stop his car in time to avoid the accident, and struck the child with his left front wheel or fender, the left front wheel running over him. Defendant claimed and his testimony

showed that he was driving on the south side of the street near the curb at a rate of between 8 and 10 miles an hour, having slackened to that speed as he drove through the location on account of seeing children in the vicinity; that he blew his horn several times, watching ahead; but the child suddenly ran out from the north curb and into the side of the car back of his range of vision, which his wife sitting on the left side of the back seat saw and shouted sharply to him in a shrill voice "Stop, Joe," which he did within a distance of 3 feet, with the child yet under the rear of the standing car. The direct issues of fact developed by the conflicting testimony as to defendant's negligence were the rate of speed, which side of the street he was driving, and whether the child was in front of the car which struck and ran over him, or, starting out from the curb as it passed, ran against the side of it. Upon the latter issue plaintiff's evidence was not in harmony. His first and leading witness as to details, a junk dealer named Escoff who lived near the place of the accident and saw it, at first testified that the child when the car struck him was "not far from the sidewalk on the other side from the Hannah Schloss building," which he subsequently moved to the north past the center line of the street, and testified in part:

"At that time he was going about 20 or 25 miles an hour, and then the kid was under the machine.

"Q. What part of his machine struck the child?

"A. Right on the back wheel, I guess. I know we lifted the machine up when we took the kid out. I took the child out, my mother grabbed it and took it right to the doctor.

"Q. Was the automobile on the child?

"A. We lifted up the machine a little bit. The back or rear was on the child. The rear wheel of Mr. Reid's automobile struck the child.

"Q. How far did this automobile go after it struck the child?

"*A.* Afterwards he went pretty slow, just when the kid was under the machine he stopped.   *   *   *

"He stopped right when the kid was under the machine.   He stopped right there.   He stopped as quickly as he could, and he did not get off of the boy, and did not drag the boy along.   He stopped with the boy under the car.   The wheel would catch him a little bit so we lifted the car off a little bit.   It was the hind wheel on the north side of the car."

Witnesses on both sides testified that the car stood right where it stopped when the accident occurred until a policeman who had been called arrived.   He testified that the car then stood on the south side of High street within two or three feet of the south curb.   These issues of fact as to negligence were submitted to the jury in a careful charge by the court, resulting in a verdict for defendant.

Plaintiff's assignments of error are directed to admission of testimony that defendant had driven a car 9 years without having an accident, and the following portions of the court's charge:

"I have already called your attention to the claim of the defendant that he was driving his car on High street at the time mentioned in the declaration and was driving the same in a careful and prudent manner; and he also claims that the plaintiff boy ran from the north curb of the street and ran into the automobile driven by the defendant.   He also claims that this was a sudden and unexpected act on the part of this child, which he did not anticipate.   I charge you as a matter of law, that if this injury and accident was due to the sudden, unanticipated and unforeseen act of this child and the defendant did not know or did not have reason to anticipate that this plaintiff was going to suddenly run into his automobile, the plaintiff in this case cannot recover under these circumstances.   In other words, the law does not impose any duty on man to guard against sudden, unforeseen and unanticipated acts of another.   *   *   *

"I charge you that in this case there is no evidence of gross negligence on the part of the defendant."

Gross negligence is charged in plaintiff's declaration. No request to charge upon that subject appears in the record. What, if anything, was said in relation to it during the trial does not appear. But it is urged that the court's negative charge on the subject is error, because gross negligence is shown by plaintiff's evidence that the child left the north curb and started to cross the street when defendant's car was 30 to 60 feet away and defendant could and should have seen him, and, at the rate he claims he was going, could have easily stopped within that distance, while he testified he did not see the child before he was under the car. The charge as to gross negligence complained of was given in connection with the instruction that as a matter of law plaintiff could not be guilty of contributory negligence because of his tender years, followed by an instruction that if the jury found by a preponderance of evidence that defendant "was guilty of *any* negligence which was the proximate cause of this injury it would be your duty to find a verdict in favor of the plaintiff." The court then explained what would be a proximate cause. No question of contributory negligence was involved, or intentional, wilful and reckless disregard of human life or safety against which contributory negligence would be no defense.

The court later also plainly instructed the jury on the law applicable to the facts on which plaintiff's contention is based as follows:

"If you find from a preponderance of the testimony that the accident was caused because the driver was not looking ahead and that if he had looked ahead he would have seen the boy and could have stopped the car, to have avoided the accident, then the defendant would be liable; it would make no difference in such case whether he was going 10 miles an hour or less, if, by looking, he could have seen the boy, and had plenty of opportunity to have stopped and avoided

the accident he would be guilty of negligence if he failed to look and see the boy."

With this instruction as to discovered peril, or duty to discover, the jury found defendant not guilty of any negligence, which manifestly rejected the facts on which plaintiff's proposition is planted.

The court's charge is to be taken in its entirety as the jury heard it. There was positive testimony to support the claim that the child suddenly started from the north curb and ran into the side of defendant's car while he was driving it along the street "in a careful and prudent manner," as the court qualified his instruction in leaving defendant's claim of surprise to the jury in the quoted excerpt relative to "sudden, unforeseen and unanticipated acts of another," of which plaintiff complains because it would exonerate defendant "if he was driving his automobile on High street through this crowded and busy thoroughfare at 50 miles an hour and the child had walked or run off the curb," when the automobile was far enough away to be stopped in time to avoid him if running at a proper speed. We cannot so construe it. Not only did the court in dealing with that claim of defendant limit it to driving in a careful and prudent manner, but by the instruction last quoted, touching failure to look and see the child's peril if under the circumstances he could or should have seen it, as well as other portions of the charge predicating liability on careless driving at an unlawful rate of speed, or "greater than is reasonable and proper, having due regard to and use of the highway, or so as to endanger the life or limb of any person," left no room for such construction.

Plaintiff's remaining assignment of error relates to the following ruling in defendant's redirect-examination:

"*Q.* You admit driving a car for about how long?
"*A.* Nine years.
"*Q.* Did you ever have an accident of any kind?
"*A.* No, sir.
"*Mr. B*—. I object to that and ask that the answer be stricken out as absolutely incompetent.   *   *   *
"*The Court:* I will take it, it may be admitted."

Defendant had previously testified without objection that he had driven a car for about 9 years and used one daily in his business.   Plaintiff cites in support of the contention that this was error *Larned* v. *Vanderlinde,* 165 Mich. 464, where the question of safe place arose and the court held that proof that no other accidents had occurred at the place was not competent to prove its safe condition.   Of the question the court said:

"There is an absence of harmony in the decisions on the subject of the admissibility of proof of other accidents in negligence cases.   In Michigan testimony of that kind has been held admissible in sidewalk and other highway cases, but its use has been limited to the question of notice of defects."   Citing cases.

This was not a case of trying to draw inferences from one transaction to another because they are similar, but rather to show habit and experience, challenged by the allegation of negligence in plaintiff's declaration of failure to place in charge of the automobile "only competent, experienced, cautious and prudent drivers."   As plaintiff offered no direct proof on that allegation defendant's contention that it opened the door for proving the negative is scarcely tenable.   No case directly in point on the conditions shown here is cited.   As noted in the *Vanderlinde Case* the authorities are not unanimous on the question of admitting proof of similar acts or occurrences. The subject is discussed at length with citation of many decisions in 22 C. J. p. 741 *et seq.,* saying on inference from habit (p. 750) :

"Accordingly proof of the existence of a habit may be received where this is the only fact obtainable which is relevant to the point, or where the evidence is conflicting;" citing sustaining decisions.

We are not prepared to hold under the circumstances of this case that the ruling complained of was prejudicial error demanding reversal.

The judgment will stand affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.

The late Justice STONE took no part in this decision.