ZYLSTRA v. GRAHAM.

1. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—CHARGE TO BE CON-
SIDERED AS WHOLE.
   The charge of the court must be considered in its entirety as it
   was given by the trial court to the jury, and excerpts, without
   considering what precedes or follows them, may not be made a
   basis of reversal.

2. TRIAL—INSTRUCTION NOT NULLIFIED BY SUBSEQUENT STATEMENT.
   Defendant's claim that a subsequent statement by the trial
   judge to the jury nullified previous instructions and that it
   practically had the effect of directing a verdict in favor of
   plaintiff, held, not justified by the record, when said statement
   is considered in its entirety.

3. APPEAL AND ERROR—QUESTION NOT COVERED BY ASSIGNMENT OF
ERROR NOT PROPERLY BEFORE COURT.
   Where the bill of exceptions contains no assignment of error
   covering a question presented on review, said question is not
   properly before the court for consideration.

4. TRIAL—CONDUCT OF TRIAL JUDGE.
   Defendant's claim, on review, that the circuit judge's attitude
   was so prejudicial to the rights of plaintiff that it aroused
   the sympathy of the jury and caused it to be antagonistic to
   defendant, held, not sustained by the record.

Error to Kent; Brown (William B.), J. Submit-
ted June 5, 1928. (Docket No. 22, Calendar No.
33,635.) Decided October 1, 1928. Submitted on re-
hearing February 1, 1929. Former opinion affirmed
March 28, 1929.

Case by Z. Charles Zylstra, administrator of the
estate of Robert Kuzee, deceased, against James E.
Graham for the negligent killing of plaintiff's

decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*Dunham & Cholette,* for appellant.

*Rodgers & Dunn,* for appellee.

### On Rehearing.

North, C. J. The facts pertinent to this case are given in *Zylstra* v. *Graham,* 244 Mich. 319. Nine reasons are assigned in appellant's brief in support of the motion for a rehearing. In so far as these reasons are covered by the assignments of error, no question is presented which was not given consideration when the case was originally decided. But in fairness to counsel it should be conceded that some of such questions were not discussed in detail in the original opinion. The necessity of keeping the volume of reports within reasonable bounds renders it impossible to discuss each assignment of error in every case. The bill of exceptions here presented contains 35 assignments of error. There is no reason to question the good faith of counsel in presenting each of these assignments; but to analyze and to refute *seriatim* in every case each of the errors that is not well founded as a prerequisite to affirmation would increase the volume of court reports beyond all reason and would produce a condition quite intolerable to the members of the legal profession.

On the oral argument at the rehearing, two of the reasons assigned were particularly stressed.

1. The defendant requested the court to charge:

"A person operating an automobile upon a highway is not expected as a matter of law to foresee the sudden, unexpected act of an infant child."

This request was not given verbatim, but the following was included in the court's general charge:

"Of course, that (having a car under control) does not apply to a sudden and unexpected entry by a child upon the highway in front of an automobile so close to the automobile and if the person who is driving that automobile has it under control and driving at a reasonable rate of speed, under all the circumstances, that he cannot stop the automobile without hitting such person in his way, then that is an unavoidable accident and there is nobody responsible."

Clearly the request was covered by the foregoing and by other portions of the charge recited in the former opinion. But it is now insisted that the charge above quoted was entirely nullified by subsequent statements made by the trial judge to the jury. The defendant testified he was driving "about 15 miles an hour" as he approached the point of the accident. He also said: "I was 14 or 20 feet from the point of accident when I first saw this boy." After the jurors had deliberated somewhat at length, they were brought into the court room for further instruction. Several questions were asked by the jury, including the following:

"*A Juror:* From 15 to 18 miles is driving too fast along a school or in a crowd?

"*The Court:* Well, I will not say according to mileage. You are driving too fast when you drive so fast if children do the unexpected thing and get out in the way of your car within a reasonable distance ahead and you can't stop to avoid it.

"*A Juror:* Would you consider a man driving 15 to 18 miles an hour could stop a Ford car in 15 to 18 feet?

"*The Court:* That is a question for the jury. That is the thing. And what is the conduct an ordi-

narily careful and prudent person uses? Don't you see that is a question for the jury. The court does not get into that. If driving 15 miles an hour is so fast that a man can't stop a car or handle it in such a way so as to avoid hitting a boy that comes onto the street a certain distance ahead and when he sees him we will say the distance ahead the testimony shows in this case the boy was, if whatever rate of speed the driver was driving was so fast that with ordinary care he could not stop the car before he got to the boy then he is driving too fast, *if by using ordinary care and under the circumstances the ordinarily careful and prudent person would have stopped the car.*"

The appellant's complaint is based upon the last sentence above quoted. As before stated, it is claimed that this nullified the portion of the judge's charge first above quoted; and, further, that it practically had the effect of directing a verdict in favor of the plaintiff. Such a construction of this portion of the record is not justified. Upon being asked the questions quoted, the court said: "That is a question for the jury. And what is the conduct an ordinarily careful and prudent person uses? Don't you see that is a question for the jury. The court does not get into that." These specific and emphatic directions of the trial judge immediately preceded the sentence by which counsel now says a verdict was in effect directed for the plaintiff. We are unable to agree that the court's language could have been so construed by the jury. We have repeatedly held that the charge must be considered in its entirety as it was given by the trial court to the jury, and that excerpts without considering what precedes or follows them will not be made a basis of reversal. *Pratt* v. *Van Rensselaer,* 235 Mich. 633; *McNamara* v. *E. W. Ross Co.,* 225 Mich. 335; *Werney* v. *Reid,* 219 Mich. 257.

In any event, the foregoing objection might be disposed of by merely noting that the bill of exceptions contains no assignment of error which covers the question presented, and therefore it is not properly here for consideration. *Muncie Wheel & Jobbing Co.* v. *Finch,* 150 Mich. 274.

2. The record discloses that on numerous occasions during the trial of the case the plaintiff's counsel was severely criticized by the circuit judge. The court repeatedly interfered with the presentation of plaintiff's proofs. The following will illustrate and illuminate this phase of the record:

*"The Court:* I could take this examination of Mr. Dunn's (plaintiff's counsel) and I will say nine out of ten questions are no account. You have an exception to that.

*"Plaintiff's counsel:* Let me have another exception."

Other exceptions of this character were taken by plaintiff's attorneys. The defendant now makes in this court the ingenious contention that the circuit judge's attitude of the character above indicated was so prejudicial to the rights of the plaintiff that it aroused the sympathy of the jury and caused it to be antagonistic to the defendant. It goes without saying that this would be an anomalous result. We do not find the record sustains this contention of the appellant. We so indicated in our former opinion.

The other reasons assigned in support of the appellant's motion for a rehearing have been given due consideration; but we have discovered nothing in the record which would justify altering the determination of this case as heretofore announced. The appellee may have costs of this rehearing.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.