### SWEENEY *v.* HARTMAN.

1. AUTOMOBILES—PASSENGER FOR HIRE—NEGLIGENCE—PARENT AND CHILD—VIOLATION OF INSTRUCTIONS.

   Father who permits use of his automobile by his son is liable for injuries to passenger therein due to son's negligence notwithstanding such passenger was carried for hire contrary to father's express instructions (1 Comp. Laws 1929, § 4648).

2. SAME—STATUTES—PASSENGERS—CONSENT—NEGLIGENCE.

   The statutory liability of an owner of an automobile where it is used by another is predicated upon owner's consent to the use of it by another and damages arising from resultant negligent operation and is not avoided by operation in violation of owner's instructions to operate it in a certain way or only when the driver was alone or accompanied by nonpaying passengers (1 Comp. Laws 1929, § 4648).

3. DEATH—DAMAGES—QUESTION FOR JURY.

   The question of damages in case of fatal injuries is largely a matter for the discretion of the jury.

4. APPEAL AND ERROR—DAMAGES—PREJUDICE—SYMPATHY.

   The Supreme Court cannot substitute its judgment for that of the jury on the matter of damages where it cannot be said that prejudice, sympathy, or some unreasoned element of an important character entered into jury's consideration of the matter.

5. DEATH—DAMAGES—INADEQUATE VERDICT—PAIN AND SUFFERING—EARNING CAPACITY.

   Verdict of $2,500 for fatal injuries to passenger in automobile *held*, not inadequate notwithstanding there was evidence that

---

Liability is here predicated upon statute. At common law, of course a bailor was not liable for negligence of his bailee. See 2 Restatement, Torts, § 489.

deceased had suffered considerable pain and that his potential future earnings were of such a substantial amount that the verdict was grossly insufficient.

6. APPEAL AND ERROR—AMENDMENT OF DECLARATION—GROSS NEGLI-GENCE—AUTOMOBILES—EVIDENCE.

In the absence of proof of gross negligence on part of operator of automobile, plaintiff, administrator of estate of deceased passenger, will not be permitted to amend declaration so to charge gross negligence where owner is found liable without proof of such gross negligence (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Simpson (John), J. Submitted October 23, 1940. (Docket No. 100, Calendar No. 41,182.) Decided February 7, 1941. Rehearing denied April 11, 1941.

Case by William S. Sweeney, special administrator of the estate of Raymond J. Sweeney, deceased, against Austin Hartman and Anthony Hartman for the death of plaintiff's decedent in an automobile accident. Directed verdict of no cause of action against defendant Anthony Hartman.. Verdict and judgment against defendant Austin Hartman. From directed verdict and from denial of new trial on ground of grossly inadequate damages, plaintiff appeals. Reversed and remanded for entry of judgment against codefendant. Affirmed as to defendant Austin Hartman.

*Edward N. Barnard,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

McALLISTER, J. On November 1, 1937, defendant Austin Hartman, while driving his father's automobile, crashed into an electric light pole in the city of Detroit, causing injuries to a passenger, Raymond J. Sweeney, from which he later died. Suit was brought by the administrator of the estate of the deceased against Austin Hartman and his father, Anthony Hartman, for damages resulting from al-

leged negligence. The trial court directed the jury to return a verdict of no cause of action as to the father; and a verdict in the amount of $2,500 was returned against defendant Austin Hartman. Plaintiff administrator appeals, claiming that the court erred in directing a verdict in favor of Anthony Hartman and in refusing to grant a new trial on the ground that the damages awarded by the jury were grossly inadequate.

From the evidence it appears that defendant Anthony Hartman permitted his son to use the car in going to and from work at Ford Motor Company. In the course of a conversation with an insurance representative, the father told the son that the insurance would not be effective in case the son carried passengers for hire, and expressly directed him not to do so. In spite of such instructions, it appears that Austin Hartman made a practice of taking several of his fellow employees back and forth to work, making a daily charge for such services. Raymond Sweeney was one of the young men who paid in this manner for such transportation.

Plaintiff's case is based upon 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446), which provides:

"Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express

or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family: *Provided, however,* That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.''

The question before the court is whether a father who permits the use of his automobile by his son, with express instructions not to carry passengers for hire, is liable for damages growing out of the negligent operation of the automobile, resulting in injuries to a passenger for hire.

It is undisputed that, at the time of the accident, the automobile was being driven by Austin Hartman, with the knowledge and consent of his father, Anthony Hartman. Under the clear and express provisions of the statute, there was liability on the part of Anthony Hartman for damages resulting from his son's negligent operation of the motor vehicle.

We are not here concerned with the principles of master and servant, or principal and agent, and liability or nonliability predicated upon such relationships, which are emphasized in the cases cited to us in this controversy; nor does the question concern the operation of a motor vehicle by one who has been expressly forbidden to operate it at a certain time, or during a certain period. In *Christiansen* v. *Hilber,*

282 Mich. 403, cited by defendant, a father who owned a truck which was used in his business for hauling supplies, authorized his son to drive it in carrying out the business enterprise. The son was told to take it only when "we needed it." In using the truck for pleasure purposes without his father's consent, the son had an accident resulting in injury to another. It was held that the father had never given consent to the use of the truck for any but business purposes and that at the time of the accident the son had not been authorized to use the truck. In this case there was no consent given to operate the truck at any time, except for business purposes.

The gist of the liability in the instant case lies in the consent given by the owner to another to operate an instrumentality of danger on the public highway. See *Bowerman* v. *Sheehan*, 242 Mich. 95 (61 A. L. R. 859). It cannot be maintained that, because instructions were given by such owner, the vehicle should be operated in a certain way, or only when the driver was alone, or accompanied by passengers who did not pay for transportation, such owner should not be liable if such instructions were disobeyed. The statutory liability is predicated upon the owner's consent to the operation of the vehicle by another, and damages arising from resultant negligent operation.

It is claimed that the verdict of $2,500 was inadequate. There was evidence that deceased suffered considerable pain as a result of his injuries, and it was claimed that his potential future earnings were of such a substantial amount that the verdict was grossly insufficient. This question of damages is left largely to the discretion of the jury. We cannot say that prejudice, sympathy, or some unreasoned element of an important character entered into their consideration of the case; and under the

circumstances we cannot substitute our judgment for that of the jury on the question of the size of the verdict. See *Michaels* v. *Smith,* 240 Mich. 671.

At the conclusion of the proofs, plaintiff asked to amend his declaration for the purpose of referring to the statute permitting recovery under the guest act for gross negligence. The court declined to permit the amendment. We are unable to find any proof of gross negligence in the case; and our determination that defendant Anthony Hartman is liable as the owner of the motor vehicle, without proof of such claimed gross negligence, makes a decision unnecessary on the question of pleading.

The judgment of no cause of action against Anthony Hartman is set aside, and the case is remanded to the trial court for entry of a judgment against the said defendant in accordance herewith. The judgment against Austin Hartman is affirmed. Plaintiff will recover costs, to be taxed against both defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.