HOFFMAN v. RENGO OIL COMPANY, INC.

1. EVIDENCE—HABIT—ADMISSIBILITY.

Testimony that a decedent habitually followed a set pattern in crossing a highway to obtain a daily paper is admissible since evidence of habit is admissible to show like conduct on an occasion in question.

2. NEGLIGENCE — EVIDENCE — OPINION — POLICEMAN — AUTOMOBILES — POINT OF IMPACT.

Admission into evidence of testimony by a police officer as to point of impact of automobile with pedestrian and other facts and conclusions is not error where the opinion testimony contained no legal conclusions nor did it determine fault.

3. DAMAGES—DEATH—JURY QUESTION.

The question of damages in case of fatal injuries is largely a matter for the discretion of the jury.

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 December 4, 1969, at Grand Rapids. (Docket No. 6,945.) Decided December 8, 1969. Application for leave to appeal filed December 17, 1969.

Complaint by Elizabeth Hoffman, administratrix of the estate of Charles Hoffman, against Rengo Oil Company, Inc., and John E. Rengo, Jr., for damages resulting from an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 303.
[2] 31 Am Jur 2d, Expert and Opinion Evidence § 7.
[3] 22 Am Jur 2d, Death § 260.

*Donald G. Jennings,* for plaintiff.

*White, Spaniola, Knudsen & Stariha,* for defendant.

Before: J. H. Gillis, P. J., and McGregor and Quinn, JJ.

Per Curiam. Plaintiff's decedent, while crossing a highway, was killed when struck by a motor vehicle driven by John E. Rengo, Jr., and owned by defendant corporation. There were no eyewitnesses to the accident. Suit was brought by the administratrix of the estate of the deceased for damages resulting from alleged negligence. The jury returned a verdict in the amount of $25,000 against defendants. This appeal followed.

At trial, the path followed by the deceased in crossing the highway on the date in question was disputed. Plaintiff and a neighbor of the deceased testified over defendants' objection that the deceased habitually followed a set pattern in crossing the highway to obtain the daily paper. Both witnesses described the deceased's usual path. We find no error in the admission of such testimony. Evidence of habit is admissible to show like conduct on the occasion in question. *Fay* v. *Swan* (1880), 44 Mich 544; *Werney* v. *Reid* (1922), 219 Mich 257. See generally, Wigmore, Evidence (3d ed), §§ 92, 93, pp 519, 520; McCormick, Evidence (1954), § 162, p 340; 4 Callaghan's Michigan Pleading & Practice (2d ed), § 36.235.

Defendants contend that reversible error occurred at trial when a police officer was permitted to testify, over objection, as to point of impact, other facts and conclusions. We likewise find no error on this point. The opinion testimony contained no legal

conclusions; nor did it determine fault. It was properly admitted into evidence. *Dudek* v. *Popp* (1964), 373 Mich 300; *LaFave* v. *Kroger Co.* (1966), 5 Mich App 446; *O'Dowd* v. *Linehan* (1968), 14 Mich App 260.

It is also claimed that the verdict of $25,000 was excessive. No complaint, however, is made by defendants that the jury was not properly instructed as to the element of damages. Nor do defendants contend that the verdict was obtained by improper methods, prejudice or sympathy. At the time of his death, the deceased's annual income was $3,600 and, in addition, he received monthly social security benefits of $116. His life expectancy was slightly in excess of nine years. Funeral expenses amounted to approximately $1,100. Ordinarily, courts are reluctant to substitute their judgment for that of the jury on the question of the size of the verdict. The question of damages in case of fatal injuries is largely a matter for the discretion of the jury. *Sweeney* v. *Hartman* (1941), 296 Mich 343. We are convinced that the verdict is fairly within the range of proof and is not excessive.

Affirmed. Costs to plaintiff-appellee.