■ GEORGE FURLETTI et al., Respondents, v. HERTZ CORPORATION, Appellant, et al., Defendant.—

974

Shapiro, Gulotta and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum, in which Christ, J., concurs:

Plaintiffs George and Silvi Furletti and Peter Watral were passengers in the panel truck rented by the decedent Lovejoy from Hertz through Lewis, its employee authorized to deal with customers in the course of Hertz' business. They were present at the time Lovejoy signed the rental agreement and received the vehicle. They testified that there was no discussion between Lewis and Lovejoy of any restriction in the number of passengers to be carried in the truck. Moreover, they testified that they entered the truck and Lovejoy drove away under circumstances that the jury could reasonably find gave Lewis full opportunity to observe that they were passengers. Lewis testified, on the other hand, that he informed Lovejoy in the presence of these plaintiffs that the terms of the rental agreement forbade more than one passenger besides the driver. This evidence was of course in conflict with the testimony of plaintiffs and created an issue of fact for the jury to resolve. The issue was determined by the jury favorably for plaintiffs. Upon this state of the record, Hertz cannot rely on the agreement to dissolve its derivative liability under subdivision 1 of section 388 of the Vehicle and Traffic Law. This is not a case where the owner of a vehicle limits his permission for its operation and use (cf. *Rolfe* v. *Hewitt*, 227 N. Y. 486; *Arcara* v. *Moresse*, 258 N. Y. 211). Rather, it is a case where the owner has entrusted his business of renting vehicles to an employee who, in the eyes of the customer and the public, has apparent authority to negotiate the terms on which the vehicles are rented. These plaintiffs, as the jury found, did not know the limitation of the consent granted by the rental agreement, yet they were permitted to enter the vehicle without objection or denial of use by Hertz' employee in charge of the leasing of the vehicle. Under these circumstances plaintiffs made out a case that their lawful use of the vehicle could not be controverted by Hertz in the face of the conduct of its employee. The

employee's apparent authority created an estoppel against Hertz to defeat its derivative liability (cf. *Smyth* v. *Pellegrino*, 28 A D 2d 537; *Sweeney* v. *Hartman*, 296 Mich. 343; *Leviness* v. *Post*, 6 Daly 321; *Santise* v. *Martins, Inc.*, 258 App. Div. 663; 2 N. Y. Jur., Agency, §§ 92, 242, 246). Under this view, it is immaterial that the rental agreement provided for no waiver of its terms except in writing executed by an officer of Hertz. The authority of *Lewis*, the employee, in the setting of the leasing itself was not diminished by any notice to the public; these plaintiffs never saw or heard of the restriction of Lewis' authority; and, like the limitation as to the number of passengers, the apparent authority of Lewis held out by Hertz estops Hertz from asserting the restriction of power. In the sense of estoppel, then, the trial court's charge was not erroneous. True, the charge put the issue under the category of waiver rather than estoppel, but we should not stand on characterizations, if the essential elements of the conduct of Lewis and Hertz were fairly brought to the attention of the jury. Here the court described the evidence of the conduct in issue and the claims of the parties and instructed the jury as to the effect of waiver, in the event the jury found the conduct of Lewis so to be constituted. Though the correct legal term for the complex of rights which was the center of the question before the jury was estoppel, yet it must be recalled that "Waiver belongs to the family of estoppel, and often in such cases they are convertible terms" (*Maloney* v. *Northwestern Masonic Aid Assn.*, 8 App. Div. 575, 579). Indeed the Court of Appeals has said (*Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 N. Y. 190, 195), "While express waiver rests upon intention, and estoppel upon misleading conduct, implied waiver may rest upon either, for it exists when there is an intention to waive unexpressed, but clearly to be inferred from circumstances, or when there is no such intention in fact, but the conduct of the insurer has misled the insured into acting on a reasonable belief that the company has waived some provision of the policy" (see, also, 5 Williston, Contracts [3d ed.], § 679; 28 Am. Jur. 2d, Estoppel and Waiver, § 30, pp. 634–635).