LASZKO v COOPER LABORATORIES, INC

Docket No. 52908. Submitted January 12, 1982, at Detroit.—Decided
    March 17, 1982. Leave to appeal applied for.

Wanda Laszko brought a products liability action against Cooper
    Laboratories, Inc., in Wayne Circuit Court claiming that defen-
    dant failed to provide a warning that continued use of its
    product, Argyrol, could result in skin discoloration. The jury
    returned a verdict of no cause of action, finding that the period
    of limitations had expired before she commenced her action.
    The trial court, Thomas J. Foley, J., denied plaintiff's motion
    for a new trial. Plaintiff appeals. *Held:*

    1. The trial court erred by admitting into evidence a carton
    containing an empty Argyrol bottle of the type intended to be
    filled by a pharmacist for the purpose of showing that the
    directions on the carton cautioned against continued use of
    Argyrol, warning that skin discoloration could occur. There was
    no evidence introduced which would prove that the pharmaceu-
    tical industry would place the same warning on an over-the-
    counter drug as it placed on a prescription drug.

    2. Reversal is not required since plaintiff has failed to demon-
    strate that the admission of the Argyrol carton prejudiced her.
    The jury returned a verdict of no cause of action because the
    period of limitations had run.

    Affirmed.

1. EVIDENCE — HABIT — ROUTINE PRACTICE.

    Evidence of habit or routine practice is admissible to show like
    conduct on the occasion in question; such evidence must estab-
    lish a set pattern or show that something is done routinely or
    has been performed on countless occasions (MRE 406).

2. WITNESSES — EVIDENCE — ROUTINE PRACTICE.

    A witness, in order to testify as to routine practice, must be able
    to testify that the practice has been performed on countless

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 303, 318, 319.
[2] 21A Am Jur 2d, Customs and Usages § 40.
[3] 29 Am Jur 2d, Evidence § 249.

occasions; to do this, the witness must have some knowledge of the practice and must demonstrate this knowledge prior to giving testimony concerning the routine practice; where the witness cannot demonstrate such knowledge, he cannot testify as to the routine nature of the practice (MRE 406).

3. Evidence — Objections.

A party objecting to the admission of evidence must be able to demonstrate that the admission of the evidence would result in prejudice to the objecting party (MRE 103[a]).

*Steven Fellows,* for plaintiff.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *L. Neal Kennedy),* for defendant.

Before: Cynar, P.J., and M. J. Kelly and D. C. Riley, JJ.

M. J. Kelly, J. Plaintiff, Wanda Laszko, appeals from a jury verdict finding no cause of action against defendant, Cooper Laboratories, Inc. After the trial court denied her motion for a new trial, she appealed to this Court as of right, GCR 1963, 806.1.

Plaintiff brought this action claiming defendant failed to provide a warning that continued use of its product, Argyrol,[1] could result in skin discoloration. Plaintiff was first administered the drug by her doctor in the late 1950's. When she discovered that she could buy the drug without a prescription, plaintiff began using it two or three times a day until 1966. While being examined by Dr. Ralph Woodbury in 1966, he noticed that her skin had taken on a slate gray coloration. Dr. Woodbury told her to stop using Argyrol and sent her to an allergist. In May, 1975, Laszko went to Dr.

---

[1] Argyrol is a drug which contains a silver salt compound and is used as eye and nose drops. Because silver will not dissipate, it accumulates in the body, turning the skin silver after the accumulation of approximately 8 grams.

Barlow, a dermatologist, who diagnosed her skin problem as argyria, caused by the use of Argyrol. Soon after her visit to Dr. Barlow, plaintiff commenced this action.

Defendant did not dispute that plaintiff's condition was caused by the Argyrol, but claimed that the statute of limitations had run on the action. Defendant argued that plaintiff should have known that Argyrol had caused her skin condition after her 1966 visit to Dr. Woodbury.

During the trial, defendant introduced Exhibit F which purported to be a carton containing an empty bottle of Argyrol to be filled by a pharmacist. The directions on the carton cautioned against continued use of Argyrol, warning that skin discoloration could occur. Defendant's expert, Fred Wendell, an employee of defendant's since 1972, testified that the warning contained on the carton would be the same as the warning contained on the nonprescription carton of Argyrol bought by Laszko. Defense counsel objected to the introduction of Exhibit F claiming that the carton was not the same type bought by Laszko. The court admitted the carton claiming Wendell's testimony had established that it was the habit and custom of the industry to place the same warning on Argyrol bought over the counter.

The jury returned a verdict of no cause of action against plaintiff, finding that the statute of limitations had expired before she commenced this action. Plaintiff appeals.

It is well settled in Michigan that evidence of habit or routine practice is admissible to show like conduct on the occasion in question. *McNabb v Green Real Estate Co,* 62 Mich App 500, 511; 233 NW2d 811 (1975), *lv den* 395 Mich 774 (1975), *Hoffman v Rengo Oil Co, Inc,* 20 Mich App 575,

576; 174 NW2d 155 (1969), *lv den* 383 Mich 815 (1970). MRE 406 reads:

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

Such evidence must establish a set pattern or show that something is done routinely or has been performed on countless occasions. *Cook v Rontal,* 109 Mich App 220, 224-225; 311 NW2d 333 (1981).

The issue of whether the witness, who is testifying to the routine practice, must have personal knowledge of the practice is one of first impression. However, the witness must be able to testify that the practice has been performed on countless occasions. To do this, the witness must have some knowledge of the practice and must demonstrate this knowledge prior to giving testimony concerning the routine practice. Where a witness cannot demonstrate such knowledge, he cannot testify as to the routine nature of the practice.

In this case, Wendell, defendant's expert, testified that he did not know what kind of warnings were placed on packages of Argyrol between 1958 and 1966. While a prescription bottle of Argyrol was presented, defendant failed to demonstrate that Wendell knew the practice of the pharmaceutical industry as it related to the warnings placed on Argyrol sold over the counter. There was no evidence introduced which would prove that the pharmaceutical industry would place the same warning on an over-the-counter drug as it placed on a prescription durg. Therefore, the admission of Exhibit F was error.

However, reversal is not required. MRE 103(a) requires that the party objecting to the admission of evidence demonstrate that the admission caused some prejudice to her. In this case, the jury returned a verdict of no cause of action because the period of limitations had run. There was sufficient evidence in the record to demonstrate that plaintiff was informed that Argyrol caused the discoloration of her skin in 1966. Since she failed to commence this action until 1975, the statute of limitations barred her action and the introduction of Exhibit F did not prejudice her.

Affirmed.