*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EVDUZA RAMAJ,

Plaintiff-Appellant,

v

TODD MARRA and MAUREEN MARRA,

Defendants-Appellees.

UNPUBLISHED
August 11, 2022

No. 355988
Macomb Circuit Court
LC No. 2019-004399-NZ

EVDUZA RAMAJ,

Plaintiff-Appellee,

v

TODD MARRA and MAUREEN MARRA,

Defendants-Appellants.

No. 356040
Macomb Circuit Court
LC No. 2019-004399-NZ

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

PATEL, J. (*concurring in part and dissenting in part*).

I concur with the majority in Docket No. 356040 affirming the trial court's denial of sanctions. I respectfully dissent in Docket No. 355988 and would reverse the grant of summary disposition to defendants.

I agree with my colleagues in the majority that "this appeal comes down to what defendants knew or reasonably should have known when they sold their house to Evduza." The 2013 Brampton Brick report stated that the brick spalling issue was not simply cosmetic or a consequence of Michigan weather, but rather that it was caused by a defect in proper design and construction. This structural issue was subject to mandatory disclosure requirements. I disagree with my colleagues that there is nothing in the record to support the assertion that Todd Marra had access to the 2013 report before the sale of the house. I believe that Jeffrey Walker's testimony,

-1-

read in conjunction with Brad Cobbledick's affidavit, creates a genuine issue of material fact whether defendants were aware of the contents of the 2013 report and, thus, made a material misrepresentation when they failed to disclose this information before the sale of the house.

Cobbledick is the Vice President of Technical Services at Brampton Brick and the author of the 2013 report. He attested in his affidavit that he sent his 2013 report to Arlington Masonry. Walker is a former manager at Arlington Masonry. He testified that, pursuant to the company's standard practices, expert reports like the one prepared by Cobbledick would be passed on to and discussed with the homeowner. Walker's testimony is admissible under MRE 406 to establish that, when Arlington Masonry received the 2013 report, Arlington Masonry acted in conformity with the organization's routine practice and discussed the report with Todd.

MRE 406 states that "[e]vidence of the habit of a person or of the routine practice of an organization whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." "Such evidence must establish a set pattern or show that something is done routinely or has been performed on countless occasions." *Laszko v Cooper Laboratories, Inc*, 114 Mich App 253, 256; 318 NW2d 639 (1982). "There is general agreement that habit evidence is highly persuasive as proof of conduct on a particular occasion." *McKinstry v Valley Obstetrics–Gynecology Clinic, PC*, 428 Mich 167, 182 n 6; 405 NW2d 88 (1987). In *Laszko*, this Court observed,

> [t]he witness must be able to testify that the practice has been performed on countless occasions. To do this, the witness must have some knowledge of the practice and must demonstrate this knowledge prior to giving testimony concerning the routine practice. Where a witness cannot demonstrate such knowledge, he cannot testify as to the routine nature of the practice.

Walker testified that, in his experience, when the brick manufacturer would send a representative to a home to perform an inspection, the manufacturer would then mail a report to Arlington Masonry. Walker further testified that, at the time that the 2013 report was generated, Arlington Masonry's routine practice was that the Accounting Department would process the mail and deliver the report to the manager of the facility, who would then contact the homeowner and discuss the inspection report. When Walker was Arlington Masonry's manager, it was routine practice to contact the homeowner directly to discuss the inspection report. He stated, " I would have *had* to do this." (Emphasis added). While Walker did not specifically recall the 2013 report, he stated that he had "seen many reports like [the 2013 report]." Mike Cox was the manager at the time that the 2013 report was generated and he would have been the one to contact Todd regarding the report. Although Walker was unable to confirm whether the 2013 report was provided to or discussed with Todd, Walker's testimony allows for an inference that, per Arlington Masonry's routine practice, the manager of Arlington Masonry contacted Todd and discussed the Brampton Brick inspection report. This evidence creates a question of fact whether Todd knew that there was more than just a cosmetic issue with the bricks and failed to disclose that information when he sold the home to Evduza.

Admittedly, Evduza did not specifically cite to MRE 406 to advocate for the admissibility of Walker's testimony in the summary disposition proceedings. Instead, Evduza simply argued

that the testimony established a question of fact whether Todd knew about the report before the sale of the house. This was sufficient under our precedent.

Michigan law does not require a litigant to set forth the theory of admissibility of evidence at the summary disposition stage. It is well established that a "reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the *substantively admissible evidence*." *Maiden v Rozwood,* 461 Mich 109, 121; 597 NW2d 817, 824 (1999) (emphasis added). This standard was incorporated into the court rules with the addition of MCR 2.116(G)(6) and expounded upon by this Court in *Barnard Mfg Co, Inc v Gates Performance Engg, Inc,* 285 Mich App 362, 373; 775 NW2d 618, 625 (2009) ("[A]lthough the evidence must be substantively admissible, it does not have to be admissible in form.") A party responding to a motion for summary disposition "[does] not have to lay the foundation for the admission of the [evidence] in order for the court to consider them on a motion for summary disposition as long as there was a plausible basis for the admission of the [evidence]." *Barnard Mfg Co, Inc*, 285 Mich App at 373.

In this case, MRE 406 provides the "plausible basis for the admission" of Walker's testimony about the ordinary and routine practice at Arlington Masonry. This testimony, in conjunction with Cobbledick's affidavit, can lead a reasonable juror to conclude that Todd received the 2013 report before the sale of the house and knew that the spalling bricks were caused by a structural defect in the construction. There is therefore a genuine issue of material fact precluding summary dismissal of plaintiff's fraudulent misrepresentation, silent fraud, and negligent misrepresentation claims.

For the reasons stated above, I dissent and would reverse the grant of summary disposition to defendants on these counts and remand for trial.

/s/ Sima G. Patel