### GARVEY v. A. I. NAMM.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

NEGLIGENCE (§ 27*)—LIABILITY OF VENDOR OF GOODS.

Where a dealer sold a garment containing a large basting needle in an unfinished seam, which should have been discovered, had the garment been examined with ordinary care before sale, the dealer was liable for injuries to the buyer, where the needle injured her wrist while she was washing the garment.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 25; Dec. Dig. § 27.*]

Thomas, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & REP'T Indexes

Action by Mary Garvey against A. I. Namm, a corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, JENKS, and CARR, JJ.

William A. Jones, Jr. (David M. Wolff, on the brief), for appellant. Nicholas Dietz, for respondent.

CARR, J. This is an appeal from a judgment of the Municipal Court in favor of the plaintiff in the sum of $222. The action was brought to recover damages for a personal injury alleged to have been sustained by the plaintiff through the negligence of the defendant. The facts are as follows:

The defendant owns a department store, and advertised a bargain sale of flannel wrappers at 59 cents each. The plaintiff went to the store and purchased one of the wrappers, which was delivered to her in a tied-up package. She took it home and laid it on a shelf, without undoing the package. Some days afterwards she undid the package, took out the wrapper, and put it in the washtub, in order that it might be washed before it was used. There was no other article in the tub at the time, and while the plaintiff was rubbing the wrapper on the washboard a large basting needle came out of the wrapper and violently entered her wrist. Several minor surgical operations were necessary to extract the parts of the needle, which had been broken, and the plaintiff suffered considerable pain and inconvenience for several weeks. For this she recovered a judgment for $200 and costs.

There was no express warranty of the wrapper at the time of sale, and her cause of action as set forth in her complaint is predicated entirely on the ground of negligence on the part of the defendant. Her theory of negligence on the part of the defendant is that, if the wrapper had been inspected with ordinary care by the servants of the defendant before sale and delivery, the presence of the needle in the wrapper would have been detected. The defendant offered testimony to show that they had an inspection of this wrapper as a part of a large lot, and did not discover anything wrong with any of the articles. The court below found the inspection made by the defendant was not made with ordinary care, but was most cursory in its character. I think the plaintiff made out a cause of action on the whole case, and that the judgment is not excessive. Neither on the motion to dismiss at the trial court nor on the argument in this court does the defendant present the question of contributory negligence on the part of plaintiff, and it may be disregarded here.

I think the case falls within the rule declared in 1 Thompson on Negligence, § 121, and also Heaven v. Pender, 11 Q. B. Div. 503. The defendant seeks to distinguish the case at bar from the rule declared in these authorities, by citing the decision of this court in Bruckel v. Milhau's Sons, 116 App. Div. 832, 102 N. Y. Supp. 395. In that case, however, the injurious defect in the article sold by the druggist was not one that was patent and visible on mere inspection. It could have been discovered only by a mechanical test of the article. It was held by this court that a druggist selling articles on consignment was not obliged, in the exercise of ordinary care, to undertake mechanical tests

to ascertain a latent defect, such as would not have been apparent on ordinary inspection. I think there is a very substantial difference in the facts in both cases.

The defendant further cites the decision of the Supreme Court of Wisconsin in Hasbrouck v. Armour Co., 139 Wis. 357, 121 N. W. 157. In that case the defendant had manufactured toilet soap and placed it on the market for sale. A purchaser and user of one of the cakes of the toilet soap was injured by reason of the fact that there was imbedded in the cake of toilet soap a needle. This needle had fallen in some way into the vat in which the soap was formed, and found its way into the particular cake in question. Its presence in the cake would not have been discovered by any ordinary examination. It was held that the presence of the needle in the cake of toilet soap would not in itself indicate a lack of ordinary care on the part of the defendant in putting the cake of toilet soap on the market for sale. Here, again, there is an obvious difference between the facts. In the case at bar, it would appear that the needle in question was a basting needle, and that it was sticking in an unfinished seam of the garment. If the garment had been examined with ordinary care before it was delivered to the plaintiff, the presence of this needle should have been discovered.

The judgment of the Municipal Court should be affirmed, with costs.

HIRSCHBERG, P. J., and WOODWARD and JENKS, JJ., concur.

THOMAS, J. (dissenting). The plaintiff bought a cheap flannel wrapper at the defendant's store, and in the course of a family washing rinsed it in the same tub, whereupon, as she claims, "a needle came out from the side of the garment," injuring her hand. It was an ordinary basting needle, an inch or an inch and a quarter in length. The garment was machine sewed, so that the needle could have been used only for the purpose of basting. The defendant is the owner of a large department store, and its custom is to buy goods of this quality in bundles. When a requisition is made for their actual sale, a certain number of dozens are sent down and spread out and examined by a clerk, to see that, so far as quality and making are concerned, they are in proper condition. The evidence is that a needle had never been found upon such examination, and the buyer disclaimed reports of complaints on account of needles or other substance found in goods. Obviously this needle was concealed. Nobody had discovered it, not even the plaintiff, in unwrapping it and handling it before and during the washing.

I think it is not the duty of a merchant to examine carefully all the seams of the goods that come to his store to discover whether there is a needle lurking therein that may come forth and do injury. The cause of the plaintiff's painful accident is foreign to usual experience, and it is only with reference to events or conditions that are expectable according to human experience that the law requires the exercise of care.

I think the judgment should be reversed, and a new trial ordered; costs to abide the event.