CASES DECIDED IN ALL THE

# JUDICIAL DISTRICTS

OF

# PENNSYLVANIA

## VOL. VIII.

---

## Checchio v. S. Goldman Sons.

*Vendor and vendee — Sale of dangerous article in common use in usual course of trade—Vendor's liability for injuries.*

1. One who has suffered blood poisoning from wearing infected shoes cannot maintain an action against the dealer from whom he bought them, on the ground that the latter was guilty of negligence in not properly examining them against poisonous infections before the sale.

2. The dealer who buys and sells an article in common and general use in the usual course of business, without knowledge of its dangerous qualities, is not under a duty to exercise ordinary care to discover whether it is dangerous or not. He may take it as he finds it on the market and sell it without incurring liability to one who is injured while using it.

Statutory demurrer. C. P. No. 2, Phila. Co., Dec. T., 1925, No. 9131.

*M. J. McEnery,* for plaintiffs; *H. D. Levinson,* for defendants.

LEWIS, J., July 10, 1926.—The question raised by this affidavit of defence in lieu of a demurrer is whether a cause of action in trespass is set forth in the statement of claim which avers that the plaintiff, Annie Checchio, on Aug. 31, 1925, purchased from the defendants a pair of patent leather slippers; that, shortly thereafter, she wore the slippers, and, after walking some distance, experienced a pain in her right foot, and later was compelled to remove the shoe, and that an infection or blood poisoning of her foot resulted, alleged to have been occasioned "by a poisonous substance in the leather of the shoe." The negligence attributed to defendants was "in not properly examining the shoes as sold by them . . . against poisonous infections."

We are of the opinion that the question presented must be decided against the plaintiffs. There is no allegation in the statement of claim that the alleged poisonous substance was known by the defendants to be on the shoes, and certaintly it would not have been discovered upon an ordinary examination of the shoes, having been "in the leather."

The general rule as to what is required of a dealer selling an article in common and general use is stated in 29 Cyc., 481, to be: "The duty of a maker or vendor of a thing harmless in kind, but dangerous through defect, is in

Checchio v. S. Goldman Sons.

general a negative duty—not knowingly so to dispose of the article that it may become a trap to the innocent"—and in 24 Ruling Case Law, 509, as follows: "The distinction between the liability of the manufacturer and the liability of the seller consists in this: the seller is under no obligation to test articles manufactured or packed by others for the purpose of discovering latent or hidden dangers. The dealer who purchases and sells an article in common and general use in the usual course of trade and business, without knowledge of its dangerous qualities, is not under a duty to exercise ordinary care to discover whether it is dangerous or not. He may take it as he finds it on the market. He is not required to investigate its qualities, or endeavor to ascertain whether it is dangerous for the use intended before he can absolve himself from liability in the event injury results from its use. There are many necessary articles and things in common and general use throughout the country that are dangerous unless used with care, but the dealer who buys and sells them in the open market in the usual and ordinary course of his business, and who makes no representations or concealments, and who does not know that the article is explosive or dangerous in its ordinary use, is not to be made liable merely because some person is injured or killed while handling it."

In West v. Emanuel, 198 Pa. 180, the plaintiff's daughter purchased of the defendant a patent headache powder and died five hours after taking it. A compulsory non-suit was entered by the trial judge. The Supreme Court affirmed this action, saying: "In the sales of patent or proprietary medicines furnished by the compounder of the ingredients which compose them, the druggist is not required to analyze the contents of each bottle or package he receives."

A demurrer filed by a dealer who sold to plaintiff a stove polish which was alleged to have been highly inflammable, causing injuries to plaintiff, was sustained in Clement v. Rommeck, 149 Mich. 595, 113 N. W. Repr. 286. The court refused to adopt the theory of plaintiff's case that "the positive duty rested upon (defendant) to know the property of the goods and their inflammable nature and to communicate the facts to the purchaser." The court called attention to the fact that the statement of claim "contains no averment that the defendant, Rommeck, had actual knowledge of the inflammable nature of the goods, nor is it averred in what manner he was negligent in not knowing their inflammable nature."

A well-reasoned case in which numerous authorities are cited and discussed is Peaslee-Gaulbert Co. v. McMath's Admin'r, 146 S. W. Repr. 770 (Ky., 1912). There the same result is reached, the defendant having sold a can of standard dryer in general use by painters, the can exploding when opened. The same rule is laid down as to non-liability where the dealer sells an ordinarily harmless article dangerous by reason of a hidden defect of which he is ignorant.

Numerous other cases are to be found collected in an annotation in 13 Am. Law Reps. 1176, 1183, virtually all of which deny liability in such cases as we have here, where it is not averred that defendant had knowledge of the dangerous defect and it is not one that could readily have been discovered upon the slightest examination. In Garvey v. Namm, 136 N. Y. App. Div. 815, 121 N. Y. Supp. 442, a dealer in ladies' garments was held liable to a purchaser for injuries received while attempting to wash a garment in which a needle was imbedded, it appearing that an inspection of the garment would have revealed the presence of the needle. This, however, is quite different from the situation here present.

Checchio v. S. Goldman Sons.

The view which we have taken of plaintiff's cause of action in its entirety makes it unnecessary to discuss the other point raised by counsel for the defendants, namely, that there is no sufficient averment in the statement of claim that the injuries sustained were the natural and proximate result of defendants' negligence. We may remark, however, that plaintiffs would have found it extremely difficult to adduce competent evidence to establish the causal connection between the alleged negligence and the injury, for the latter might have occurred as a result of any one of a number of conditions. However, we decide that the defendants were under no duty to make the examination mentioned in the statement; there being no violation of any duty, of course, there was no negligence.

The affidavit of defence in lieu of a demurrer is sustained and judgment entered for the defendants.