WILLIAM PEARLMAN, as Administrator of the Estate of EUNICE PEARLMAN, Deceased, Appellant, v. GARROD SHOE COMPANY, INC., Respondent.

Argued October 20, 1937; decided November 23, 1937.

*Jeremiah A. O'Leary* for appellant.  In the special circumstances of the case, the trial court erred in depriving appellant of the benefits of the defendant's express warranties with respect to the shoes purchased in refusing to send the case to the jury on the theory that intestate's death was caused by a breach of warranty for which the defendant is answerable to plaintiff for the damages resulting therefrom to the intestate's next of kin.  (*Bourcheix* v. *Willow Brook Dairy, Inc.*, 268 N. Y. 1; *Redmond* v. *Borden's Farm Products Co.*, 245 N. Y. 512; *Gimenez* v. *Great A. & P. Tea Co.*, 264 N. Y. 390; *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73; *McSpedon* v. *Kunz*, 271 N. Y. 131; *Heaven* v. *Pender*, 11 Q. B. Div. 503; *Garvey* v. *Namm*, 136 App. Div. 815; *Union Nat. Bank* v. *Chapman*, 169 N. Y. 538; *Lorando* v. *Gethro*, 228 Mass. 181; *Hutchinson* v. *Ward*, 114 App. Div. 156; *Siedentop* v. *Buse*, 47 N. Y. Supp. 809; *Schmit* v. *Gillen*, 58 N. Y. Supp. 458; *Lawrence* v. *Fox*, 20 N. Y. 268; *Seaver* v.

*Ransom*, 224 N. Y. 233; *Thomas* v. *Winchester*, 6 N. Y. 397; *Kuelling* v. *Lean Manufacturing Co.*, 183 N. Y. 78.) There is ample proof of defendant's negligence. (*Bourcheix* v. *Willow Brook Dairy, Inc.*, 268 N. Y. 1; *Redmond* v. *Borden's Farm Products Co.*, 245 N. Y. 512; *Gimenez* v. *Great A. & P. Tea Co.*, 264 N. Y. 390; *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Heaven* v. *Pender*, 11 Q. B. Div. 503; *Garvey* v. *Namm*, 136 App. Div. 815.) It was error to dismiss the complaint upon the theory that the deceased, in wearing the shoes, was guilty of contributory negligence as a matter of law. (*Camardo* v. *N. Y. St. Rys.*, 247 N. Y. 111; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362; *Lessin* v. *Board of Education*, 247 N. Y. 503; *Hill* v. *Baltimore & N. Y. Ry. Co.*, 75 App. Div. 325; *Conrow* v. *Snyder*, 215 App. Div. 603; *Godwin* v. *Brooklyn Edison Co.*, 242 App. Div. 643; *Simpson* v. *Fiero*, 237 App. Div. 62; *Touris* v. *Fairmont Creamery Co.*, 228 App. Div. 569; *Hine* v. *Aird-Don Co.*, 232 App. Div. 359; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Faber* v. *City of New York*, 213 N. Y. 411.)

*Edward A. Harmon* and *William E. Lowther* for respondent. No warranty existed between the deceased and the defendant for failure of privity of contract. There was no proof of a breach of warranty. (*Meyer* v. *Kerschbaum*, 133 Misc. Rep. 330; *Wanamaker* v. *Weaver*, 176 N. Y. 75; *Gearing* v. *Berkson*, 223 Mass. 257; *Redmond* v. *Borden's Farm Products Co.*, 245 N. Y. 512; *Chysky* v. *Drake Brothers Co.*, 235 N. Y. 468; *Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390; *Zotto* v. *Merkel Brothers, Inc.*, 229 App. Div. 793; *Smith* v. *Hanson*, 228 App. Div. 634; *McSpedon* v. *Kunz*, 245 App. Div. 824; 271 N. Y. 131; *Dickinson* v. *Sperling*, 158 Misc. Rep. 905; *Bourcheix* v. *Willow Brook Dairy Co., Inc.*, 268 N. Y. 1; *McNeil & Higgins Co.* v. *Czarnikow-Rienda Co.*, 274 Fed. Rep. 397; *Ryan* v. *Progressive Grocery Stores,*

255 N. Y. 388.) The defendant is not liable on any theory of negligence. No contractual relations existed between the parties and no element of inherent danger existed in the shoe or any of its parts. The occurrence was not reasonably to be anticipated and flowed directly from the failure of the intestate and her mother to use even the slightest care. (*Pitman* v. *Lynn Gas & Electric Co.*, 135 N. E. Rep. 223; *State* v. *Consolidated G., E. L. & P. Co.*, 126 Atl. Rep. 105; *Barrango* v. *Hinckley Rendering Co.*, 119 N. E. Rep. 746; *Simon* v. *Sun Ray Water Co.*, 162 N. Y. Supp. 968; *Gindraux* v. *Maurice Mercantile Co.*, 47 Pac. Rep. [2d] 708; *Hasbrouck* v. *Armour & Co.*, 121 N. W. Rep. 157; *Akers* v. *Overbeck*, 18 Misc. Rep. 198; *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292; *Loesee* v. *Clute*, 51 N. Y. 494; *Loop* v. *Litchfield*, 42 N. Y. 351; *Cullen* v. *Renken Dairy Co.*, 247 App. Div. 742; *Hoenig* v. *Central Stamping Co.*, 247 App. Div. 895; affd., 273 N. Y. 485; *Kerwin* v. *Chippewa Shoe Mfg. Co.*, 163 Wis. 428; *Van Leet* v. *Kilmer*, 252 N. Y. 454.)

RIPPEY, J.   This action is brought to recover damages arising out of the death of Eunice Pearlman. Defendant was a retailer of shoes. It represented, by means of advertising and orally at its store, that the shoes which it sold marked the latest step in the progress of shoe making and embodied every proven principle of health, of fit and of orthopedic design. On February 1, 1930, the deceased, a child of eight years of age, accompanied her mother to defendant's store where she was fitted with a pair of shoes so advertised and so represented. The salesman was told that the child was under special training in ballet, toe and acrobatic dancing, was being prepared for a professional career as a dancer and that particular attention must be given to the quality and fit of her shoes. The salesman assured the mother that the shoes were " perfect shoes for perfect feet " and that the fit was perfect, and the child said the shoes " felt all right." So assured and relying upon the representations

and assurances, the mother purchased the shoes. After deceased had worn the shoes for about a week, a blister was discovered above and back of the great toe of the right foot. Around the blister, the skin was red and inflamed. The mother then discovered that there was a wrinkle in the lining of the shoe which caused the blister and that the tip of the right shoe was longer than that on the left. Returning to the store, the mother showed the shoes to defendant's salesman and pointed out the defects. He assured her the shoes were " perfect shoes, perfect mates." By this time the blister had broken. The salesman put cotton on the injured toe, replaced the shoe, and the child was taken home. An infection developed which, in spite of medical attention, caused the death of the little girl. Evidence was introduced at the trial to the effect that the shoe varied from standard principles of orthopedic design, that the lining was loose, bunched and creased and not properly fitted or lasted over and pulled tight; that a shoe so constructed was likely to develop wrinkles in the lining which was apt to cause an abrasion such as occurred and that such defects were readily observable to one who understood shoes. At the close of the plaintiff's case the trial court granted defendant's motion for a nonsuit and dismissed plaintiff's complaint. From the judgment entered thereon, plaintiff appealed. The judgment was unanimously affirmed by the Appellate Division and the case comes to us by permission of this court.

Plaintiff seeks to recover both upon the ground of breach of an express warranty and of negligence. The trial court held that there was no privity of contract between the child and defendant and that recovery could not be had on the theory of a breach of warranty. Under varying circumstances, this court has held that an implied warranty of quality and fitness for a particular purpose as against either a manufacturer or retailer does not inure to the benefit of a third party who is a stranger to the

contract (*Chysky* v. *Drake Brothers Co.*, 235 N. Y. 468; *Redmond* v. *Borden's Farm Products Co.*, 245 N. Y. 312; *Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390), and that seems to be the prevalent general rule (3 Cooley on The Law of Torts [4th ed.], § 498), although liability for injury under special circumstances may be predicated on negligence. (*Chysky* v. *Drake Brothers Co.*, *supra; Bourchiex* v. *Willow Brook Dairy, Inc.*, 268 N. Y. 1.) Here there was an *express* warranty of quality and fitness for a special purpose. The action is brought under the death statute and recovery inures to the benefit solely of the father and mother as next of kin. (Decedent Estate Law [Cons. Laws, ch. 13], §§ 130, 133.)

Whether the special circumstances here disclosed present an exception to the rule applicable to cases involving implied warranty we are not required to decide. Under the pleadings and proof, plaintiff may recover on the ground of negligence irrespective of contract. (American Law Institute, Restatement of the Law of Torts [Negligence], vol. 2, ch. 14, §§ 398, 399, 401, 402; *Bourchiex* v. *Willow Brook Dairy, Inc.*, *supra.*) Evidence here adduced was competent upon that issue and the questions of the freedom of deceased from contributory negligence and of the negligence of defendant could not be resolved by the court in favor of defendant as matter of law.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., O'BRIEN and LOUGHRAN, JJ., concur; LEHMAN, HUBBS and FINCH, JJ., dissent.

Judgments reversed, etc.