ANNA SANTISE, Appellant, v. MARTINS, INC., Respondent.

Second Department, February 26, 1940.

*Gustave Blaustein,* for the appellant.

*Edward R. Levy,* for the respondent.

CLOSE, J.   While trying on a pair of shoes in the basement of the defendant's department store, the plaintiff was injured by a nail protruding from the inner sole of one of the shoes.   She brought this action in the Municipal Court against the owner of the store, alleging negligence.   The occurrence of the accident was not disputed.   The defense, established by uncontradicted proof, was that the basement shoe department, in which the injury was sustained, was leased to an independent operator.   The Appellate Term reversed a judgment in favor of the plaintiff and dismissed the complaint, on the ground that the plaintiff had failed to establish that the defendant owned, operated or controlled the shoe department.

In our opinion this view was erroneous.   It was not essential that the plaintiff prove defendant's ownership, operation or control of the department in which the accident occurred.   It was sufficient if she established that the defendant held itself out as such to the public.   *Hannon* v. *Siegel-Cooper Co.* (167 N. Y. 244) is the principal case in point.   There the defendant advertised that it conducted the practice of dentistry in its department store.   The plaintiff was injured through unskillful dental treatment.   Upon the trial the defendant offered proof that the dental department was actually conducted by another.   It was held that the defendant was estopped

from denying its liability for the conduct of one whom it held out as its agent.

The defendant contends, however, that this rule applies only where the injured person has actually entered into a contractual relationship with the apparent principal. The rule is not so restricted. Any relationship between the parties which entitles the injured person to rely upon the representation·is sufficient foundation for the estoppel. An illustration may be found in the case of *Stevens* v. *Hulse* (263 N. Y. 421). There the plaintiff accepted the defendant's invitation to see a bear held captive on his farm. She undertook to feed the animal, and was attacked and injured. The defendant proved at the trial that he had leased a part of his farm to one Knight, and that Knight was the owner of the bear. But the court held that the defendant's apparent ownership was tantamount to real ownership, and that plaintiff " had a right to rely on the fact that defendant seemed to be in charge of the premises owned by him and of the bear " (p. 423). In that case there was no contractual relationship between the parties, nor was there any intention to enter into a contract, as there was in the present case. Yet a recovery was permitted against the ostensible owner. Hence the real question here is whether the defendant held itself out as the person who owned, operated or controlled the shoe department. It is sufficient to say that, though the evidence on the question was meagre, we consider it sufficient to support a finding in favor of the plaintiff.

It is said further that the defendant was under no duty to inspect the shoes before offering them for sale. Having invited the plaintiff to its store, the defendant was under a duty to protect her against such dangers as might reasonably be foreseen. This is not · a case of a latent defect, discoverable only through examination by an expert. Such was the case of *Bruckel* v. *Milhau's Son* (116 App. Div. 832), where the plaintiff was injured through the explosion of a bottle designed for the charging of water with carbonic gas. Of the same character was *Liedeker* v. *Sears, Roebuck & Co., Inc.* (249 App. Div. 835; affd., 274 N. Y. 631), where a folding beach chair displayed in defendant's store collapsed under the plaintiff; experimentation was needed to reveal the danger. *Garvey* v. *Namm* (136 App. Div. 815) is the applicable precedent here. In that case the plaintiff was injured by a needle protruding from the seam of a flannel wrapper newly purchased at the defendant's department store. It was held that the defendant was liable for its failure to use reasonable care in inspecting the garment. The extent of that duty is made clear in the opinion. It requires the seller to discover defects which may be found by inspection alone, as distinguished

from dangers so concealed that mechanical tests are needed to disclose them. Inspection would have revealed the danger here, and the defendant is liable for its omission.

*Pearlman* v. *Garrod Shoe Co.* (276 N. Y. 172) is a recent case very similar to the one before us. The defendant was a retail dealer in shoes. It sold a customer a pair of shoes for her infant daughter. A wrinkle in the inner lining of the shoe caused a blister on the child's foot, an infection developed and the child died. It was held that, apart from any question of warranty, the plaintiff might recover on the theory of negligence. There it was not the immediate purchaser who was injured. But the case serves to illustrate the liability of a retailer who fails to correct obvious defects in his merchandise, discoverable by inspection only.

Of course, in the foregoing cases there was an actual sale of the article, while here there was none. The difference would be important if the action were based on a breach of warranty. It is not significant in an action for negligence. The defendant's duty of reasonable care arose as soon as it offered the shoes to the public, for it must have known that patrons would try on the shoes before making a purchase, and the danger of injury from a protruding nail was just as great before the purchase as after.

The *Pearlman* case (*supra*) also answers the defendant's argument that the plaintiff was guilty of contributory negligence in trying on the shoes without a prior inspection. There it was held that the contributory negligence of the deceased was a question of fact. In this case the trier of the fact could have found, not unreasonably, that the plaintiff was not negligent in trying on, without inspection, shoes placed on display for that very purpose.

The order of the Appellate Term should be reversed on the law and the facts, and the judgment of the Municipal Court of the City of New York in favor of plaintiff should be affirmed, with costs in this court and in the Appellate Term.

LAZANSKY, P. J., CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order of the Appellate Term, reversing a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, and dismissing the complaint, reversed on the law and the facts, and judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.