**DUMBROW v. ETTINGER et al.**

No. 2360.

District Court, E. D. New York.

May 1, 1942.

Wright, Gordon, Zachry, Parlin & Cahill, of New York City, for defendant Martin Ettinger, for the motion.

Harold L. Crossman, of New York City, for plaintiff, opposed.

CAMPBELL, District Judge.

This is a motion for an order granting summary judgment in favor of the defendant Martin Ettinger and dismissing the complaint against said defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This action arises out of the alleged sale to the plaintiff by defendant Ettinger, a retail druggist, of certain liver extract manufactured by the defendant Parke, Davis & Company. The complaint alleges that plaintiff consumed some of this liver extract and as a result thereof became ill.

Three defendants are named in the complaint.

Parke, Davis & Company the manufacturer;

The Long Island Drug Co., Inc., a wholesale dealer which is alleged to have sold the liver extract to defendant Ettinger;

Martin Ettinger, the druggist who is alleged to have resold it to plaintiff.

The complaint alleged two causes of action against each of defendants; the first cause of action, which was based on negligence, was dismissed by this court as against the defendant Ettinger.

The second cause of action being for breach of an implied warranty for fitness for use, is the one with which we are now concerned.

Plaintiff's son did not purchase the liver extract at the request of the plaintiff, nor was he acting as her agent in purchasing the same. The liver extract was purchased by her son, with whom plaintiff resided, and presented to her by her son.

There was no privity of contract between the plaintiff and the defendant Ettinger, and therefore there can be no recovery by plaintiff against the defendant Ettinger. Rachlin v. Libby-Owens-Ford Glass Co., 2 Cir., 96 F.2d 597, 600; Bertha Chysky v. Drake Brothers Co., Inc., 235 N.Y. 468, 139 N.E. 576, 27 A.L.R. 153; Bordwell v. Collie, 45 N.Y. 494, 497; Turner v. Edison Storage Battery Co., 248 N.Y. 73, 161 N.E. 423; MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas.1916C, 440; Pearlman v. Garrod Shoe Co., 276 N.Y. 172, 177, 11 N.E.2d 718; Gimenez v. Great Atlantic & Pacific T. Co. 264 N.Y. 390, 392, 191 N.E. 27; Lloyd Smith, Jr., an Infant, by Lloyd Smith, His Guardian ad Litem v. John Hanson, 228 App.Div. 634, 238 N.Y.S. 86; Harriette Block, an Infant, by Sophie Block, Her Guardian ad Litem v. Empire State Doughnut Corporation, 233 App.Div. 774, 250 N.Y.S. 440; Rocco Zotto, as Administrator, etc., of Vernarnda Zotto, Deceased v. Merkel Brothers, Inc., 229 App. Div. 793, 242 N.Y.S. 749.

In addition to all of this, in the case at bar, neither the plaintiff, nor the plaintiff's son, purchased the liver extract from the defendant Ettinger.

What happened was, that plaintiff's son was a friend of Philip Gendell, a part-time clerk employed by the defendant Ettinger, who certainly was not the agent or servant of the defendant Ettinger when not in his employ at the store.

Plaintiff's son saw his friend Gendell, not at the defendant Ettinger's store, and Gendell, learning of the desire of plaintiff's son to obtain the liver extract, offered to buy it for him wholesale.

The Long Island Drug Company, Inc., was a wholesale dealer, from whom the defendant Ettinger purchased drugs, and the said Philip Gendell asked the defendant Ettinger's permission to have a package of the liver extract included in an order sent from said wholesaler, which permission the defendant Ettinger, granted.

The liver extract was sent, and taken by Gendell, who paid the said defendant Ettinger exactly the price charged by the wholesaler, giving no profit to the defendant Ettinger.

Gendell did not sell the liver extract to plaintiff's son at the defendant, Ettinger's, store, nor while working for the defendant Ettinger, but at Gendell's own home, on his own time, and for the exact price paid the wholesale dealer.

The defendant Ettinger, after the liver extract was delivered to, or taken by, Philip Gendell, did not retain any ownership thereof, nor did he fix or control the selling price, or terms of sale, nor did he retain any right to recall the goods, or to receive the proceeds.

Philip Gendell was not pursuing the defendant Ettinger's business in making the sale to plaintiff's son, but was carrying out a project of his own, and was not the agent of the defendant Ettinger.

The defendant Ettinger personally, or his agents or servants, never made any sale of the liver extract to plaintiff, or plaintiff's son, and Philip Gendell was not his agent in making such sale. Mechem Agency, Sec. Ed., Sections 48 and 1720.

Motion granted.