ROGER HEGGBLOM, by ARTHUR F. ROACH, His Guardian ad Litem, and ANNA HEGGBLOM, Plaintiffs, *v.* JOHN WANAMAKER NEW YORK, Defendant.

Supreme Court, Special Term, New York County, July 3, 1942.

*Victor Werner*, for the plaintiffs.

*Wright, Gordon, Zachry, Parlin & Cahill [Oleg Peter Petroff* of counsel], for the defendant.

EDER, J.   This is a motion under rule 106 of the Rules of Civil Practice, for an order dismissing the amended complaint herein upon the ground that it appears on the face thereof that it fails to state facts sufficient to constitute a cause of action.

The causes of action are grounded in alleged breach of warranty (first cause of action) and alleged negligence (second cause of action).   In brief the facts are that in February or March, 1937, one Hilda Gunell (who is not a party to this action) purchased in the defendant's retail department store a reducer and health exerciser known by the trade name of " Stretch-a-way; " it is alleged that just prior to the purchase Hilda Gunell witnessed part of a demonstration of the use of the exerciser and after the demonstration was over inquired of the demonstrator as to the kind of rubber used in the exerciser, how long it would last and whether it could be used by large or small persons or by children or grown-ups.

It is alleged that the demonstrator, characterized as a servant, agent or employee of the defendant, thereupon told said Hilda Gunell that the exerciser was made of pure live rubber, had been tested for strength and durability, that the defendant had so tested it and had checked its construction before offering the exerciser for sale, that it was free from defects and fit for the use intended. The demonstrator is also alleged to have told said Hilda Gunell that the exerciser would last a lifetime with ordinary use, could be used with safety by any one for exercising and that it was safe so to advise any one whom she might permit to use said exerciser.

It is alleged that she purchased said exerciser in reliance upon these representations and, after taking delivery of it, kept it in good condition and used it normally. Prior to September 1, 1940, she is alleged to have taken the exerciser to the house of her sister (plaintiff Anna Heggblom) and permitted her nephew (plaintiff Roger Heggblom) to use the exerciser; that at the time of its use by him on September 1, 1940, the exerciser, and particularly the rubber strap, appeared to be and was in the same condition as when purchased by said Hilda Gunell.

The amended complaint further alleges that before he used the exerciser Roger inquired of his aunt Hilda as to whether it was safe to use it and that she " repeated to him all of the representations and warranties made by the said defendant, its servants, agents, employees and representatives " (par. 12); that he used the exerciser which is alleged to have broken, that said rubber strap broke and injured his eye.

The second cause of action is the count in negligence. It realleges all of the allegations of the first cause of action, paragraphs 1 to 14 inclusive, and charges that notwithstanding the aforementioned representations and warranty, defendant negligently failed and neglected to test and inspect the exerciser and rubber strap for strength and durability and to discover that it was not of the proper kind or quality of material or that it was defective; and that defendant, throught its agents, servants and employees, negligently and carelessly made said representations aforesaid and also carelessly and negligently failed to warn said Hilda Gunell and the plaintiff of the dangers existing because of the nature of or defective condition of said exerciser, and particularly of the said strap, or that the exerciser and said strap would not last a lifetime or that it should not be used after any certain length of time; that in reliance upon the aforestated representations made by the defendant he used the exerciser as per instructions and without fault on his part sustained the injury mentioned.

The plaintiff Anna Heggblom, the mother of Roger, seeks to recover damages for medical expenses already incurred or which she contemplates will be incurred during the remainder of the said plaintiff's infancy.

I am of the opinion, for the reasons currently given, that no cause of action is set forth on either count of the amended complaint and that the motion to dismiss must be granted.

The amended complaint does not allege that either of the plaintiffs purchased the exerciser from the defendant and in the absence of an allegation of privity of contract between plaintiffs and the defendant, the first cause of action based on breach of warranty cannot be sustained. " Warranty is an incident of a sale. * * * There can be no warranty where there is no privity of contract." (*Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73, 74). The general rule is that a manufacturer or seller of food, or other articles of personal property, is not liable to third persons, under an implied warranty, who have no contractual relations with him. The reason for this rule is that privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty. The benefit of a warranty, either express or implied, does not run with a chattel on its resale, and in this respect is unlike a covenant running with the land so as to give a subsequent purchaser a right of action against the original seller on a warranty. (See, also, *Nichols* v. *Clark, MacMullen & Riley, Inc.*, 261 N. Y. 118, 125; *Rachlin* v. *Libby-Owens-Ford Glass Co.*, 96 Fed. [2d] 597, 600 [C. C. A. 2nd]).

These authorities make it apparent that the amended complaint, as to the first cause of action, fails to set forth a cause of action since it does not allege any privity of contract between the plaintiff and the defendant.

As to the second cause of action in negligence: Paragraph 12 alleges that upon permitting the infant plaintiff to use the exerciser she repeated to him the representations and warranties made to her by the defendant, which alleged representations incidentally were made three and a half years after the purchase of the exerciser from the defendant, during which period she herself used it (Par. 11). It is not alleged that said Hilda Gunell was authorized by the defendant to repeat to others any representations or warranties made by defendant to her; nor is it averred that the defendant made any representations to the plaintiffs.

The courts have imposed liability for negligent language upon which others rely to their detriment, but have limited the application and extent of the rule to such cases " only where there is

a *duty*, if one speaks at all, to give the correct information " (*International Products Co.* v. *Erie R. R. Co.*, 244 N. Y. 331, 338, [Italics mine]; see, also, *Jaillet* v. *Cashman*, 235 id. 511).

Assuming that the representations and warranties were made to Hilda Gunell as purchaser, liability cannot be fastened upon the defendant because of any transmission thereof by her to the plaintiffs. " One who makes a representation owes no duty of care to tell the truth to those to whom he does not communicate it and to whom he does not anticipate that it will be conveyed, and a person of ordinary prudence and intelligence in his situation would not anticipate that it would be conveyed, and such parties have no cause of action against him for injuries they sustain by reason of the falsity of the representation " (*Western Union Tel. Co.* v. *Schriver*, 141 Fed. 538, 542, [C. C. A. 8th]).

Since defendant owed no duty to the plaintiffs in the respect mentioned, it cannot be held liable for any representations made by Hilda Gunell to them.

The remaining question, as I view it, is whether a cause of action is stated within the ruling in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382) and I do not think it is, for the reasons that defendant owed no duty to the plaintiffs; the exerciser was not, as a matter of law, an inherently dangerous instrument, nor inherently dangerous even if defective, for as said in *MacPherson* v. *Buick Motor Co.* (*supra*, p. 386): " The risk can hardly have been an imminent one for the wheel lasted five years before it broke "— here, some three and a half years. The defendant, as a retailer selling a product under its trade name and not asserting that it was the manufacturer thereof, owed no duty to the plaintiffs to so examine the article as to discover latent defects (*MacPherson Case, supra, Santise* v. *Martin's, Inc.*, 258 App. Div. 663). In the *Santise* case, the court defined the duty of a retailer as follows: " It requires the seller to discover defects which may be found by inspection alone, as distinguished from dangers so concealed that mechanical tests are needed to disclose them." (pp. 665–666).

The amended complaint fails to state a cause of action on either count of breach of warranty or negligence, and the motion must prevail. Motion granted and amended complaint dismissed. Settle order.