SINTERCAST CORPORATION OF AMERICA, INC., Appellant-Respondent, v. EVERGLOW LIGHTING FIXTURE CO., INC., Respondent-Appellant.— In an action for specific performance of a contract for the sale of real property and for other relief, plaintiff appeals from so much of an order as denied its motion (1) for summary judgment; (2) to strike out defendant's counterclaim for insufficiency; (3) to require defendant to make the counterclaim more definite and certain, and (4) to require defendant separately to state and number causes of action contained in the counterclaim. Defendant appeals from so much of the order as denied its motion for summary judgment dismissing the complaint and for severance of the action as to the counterclaim. Order affirmed, without costs. No opinion. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.

∎

ANNA M. SMALL, Appellant, v. CARL RUHMSHOTTEL et al., Copartners Doing Business as RUHMSHOTTEL FARMS, et al., Respondents. CARL RUHMSHOTTEL, Third-Party Plaintiff, v. AUGUST ROLL, Third-Party Defendant.— Action to recover damages for personal injuries. Plaintiff was a business visitor upon land where shrubs were grown and sold. She stepped into a hole near a path, and was injured. Presumably, on the evidence, the hole resulted from the removal of a plant that was being sold. The Trial Justice dismissed the complaint at the end of the plaintiff's case on the ground that defendants did not have control of the portion of the premises upon which the accident happened, the shrubbery business being operated by defendants' employee on his own account; and that in any event defendants had no knowledge or notice of the defective or dangerous condition. Plaintiff appeals from the judgment entered thereon. Judgment, insofar as appeal is taken, affirmed, with costs. No opinion. Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., and MacCrate, J., concur as to the partnership defendants, but dissent and vote to reverse the judgment and to grant a new trial as to the defendant Carl Ruhmshottel, individually, with the following memorandum: In our opinion, a question of fact was presented, as to the control of the premises upon which the accident occurred, by the defendant Carl Ruhmshottel, and as to his responsibility for the condition which was alleged to have caused the accident. (Cf. *Green* v. *Murray M. Rosenberg, Inc.,* 295 N. Y. 584; *McGuire* v. *Interborough R. T. Co.,* 104 App. Div. 105, 108, and *Santise* v. *Martins, Inc.,* 258 App. Div. 663.)