Harold Tessler, J.
In this action for the wrongful death of a 16-year-old boy, shot at defendants’ shooting gallery, the jury rendered a verdict against both defendants, the licensee-operator of the gallery, Frigenti, and the landlord, Steeplechase Amusement Company, Inc. Defendant Steeplechase cross-complained against Frigenti and both parties stipulated that the court should decide this issue.
Defendant Steeplechase’s Exhibit “ C”, the license and rental agreement between Frigenti and it, sets forth in writing the mutual benefits, obligations and responsibilities as to each other. Paragraph Eighth of this agreement clearly obligates Frigenti to indemnify and hold harmless Steeplechase from “ all costs, charges, and expenses arising from the erection, operation and maintenance of the said structure or appliance, or otherwise resulting from the presence of the licensee (Frigenti) on the property of the licensor (Steeplechase), and will defend any and all actions or suits which shall be brought against the licensor (Steeplechase) because of any matter whatsoever connected with the erection, operation, maintenance, or presence of the said structure, appliance, or licensee, and shall pay any judgment, claim, obligation, or expense resulting therefrom”. (Italics mine.)
The same agreement in paragraph Ninth requires Frigenti to ‘1 observe all the rules and regulations of the licensor (Steeplechase) for the management of the property whereon this concession is located, and shall comply with all ordinances, rules and regulations which have been or may hereafter be enacted by any competent civil authority, or by the Board of Fire Underwriters.”
Plaintiff offered proof that defendant Frigenti was actively negligent in two respects, each of which would constitute a violation of the Regulations of the License Department and the Administrative Code of the City of New York, respectively. Implicit in the jury’s verdict is a finding that the defendant was negligent as indicated above, which necessarily gives rise to the conclusion that defendant Frigenti breached his license and/or rental agreement with Steeplechase.
The proof clearly indicates that the defendants Avere not in pari delicto, being barren of any shoAving of active negligence on the part of the defendant Steeplechase. The basis for liability on the part of the defendant Steeplechase arises out *534 of its holding itself out to have ownership and control of the shooting gallery; as a consequence, the court charged the jury that Steeplechase was now estopped from denying such ownership and control. (Santise v. Martins, Inc., 258 App. Div. 663.)
By reason of all of the foregoing, it is clear that defendant Steeplechase is entitled to indemnity arising out of both common law and the agreement between the parties. Accordingly, I find that defendant Steeplechase Amusement Company, Inc., is entitled to judgment over against defendant Salvatore J. Frigenti for such amount as Steeplechase may be required to pay herein as a result of any verdict or judgment rendered against it in this action.