Joseph F. Gagliardi, J.
This is a motion to dismiss the defense of lack of jurisdiction pleaded in the third-party answer of Ohio Lime Company. Plaintiff Frank Angelilli Construction Company, Inc., purchased 50 bags of lime for $55 from the defendant Sullivan & Son, Inc., in Yonkers, New York, and used it to erect plaster walls in a building also in Yonkers. It is alleged that the lime was defective so that the plaster walls proved “ long-drying,” and “ soft,” showed “ hot spots ” and were not amenable to wallpaper or paint. Plaintiff seeks $6,041.20 damages against Sullivan & Son, Inc.
Sullivan & Son, Inc., has in turn served a summons and third-party complaint upon Ohio Lime Company which had manufactured and sold the lime to it. Service was made by the Sheriff of Sandusky County, Ohio, upon the vice-president of Ohio Lime Company at its premises in Woodville, Ohio. Shipments of lime in 50 lb. bags were made to a family-owned affiliate of defendant Sullivan & Son, Inc., f. o. b. Woodville, Ohio. Ohio Lime Company maintains no office or place of business in the State of New York and none of its officers reside in New York.
The question presented on this motion is whether this court has acquired jurisdiction pursuant to CPLR 302 which reads in pertinent part as follows: “ § 302. Personal jurisdiction by acts of non-domiciliaries. (a) Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he: * * * 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or ”.
The above statute defines a class of ‘1 minimum contacts” upon which the courts of New York can obtain personal jurisdiction over nonresident parties within the expanded area permitted by the Supreme Court of the United States in International Shoe *173 Co. v. Washington (326 U. S. 310) and Simonson v. International Bank (14 N Y 2d 281, 287). The question is whether the sale of defective lime for building materials as alleged in the pleadings constitutes “ a tortious act within the state ”.
Plaintiff relies primarily upon the statement in the majority opinion of the Court of Appeals in Goldberg v. Kollsman Instrument Corp. (12 N Y 2d 432, 436) that: 11 A breach of warranty * * * is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong suable by a noncontracting party whose use of the warranted article is within the reasonable contemplation of the vendor or manufacturer.” However, the characterization of the alleged breach of warranty as a “ tortious wrong ” was not made to sustain jurisdiction under CPLR 302 (subd. [a], par. 2). Rather it was intended to furnish a logical basis for obliteration of the old requirement of ‘‘ privity of contract ” as an element of a cause of action for breach of warranty in the sale of personal property. For in the Goldberg case, the court permitted suit to recover damages for the death of one of the passengers in the crash of an airplane against the manufacturer of the airplane for breach of warranty of fitness.
Ohio Lime Company urges that the Court of Appeals did not intend to characterize every breach of warranty as a “ tortious wrong ’ ’ but intended to limit itself to actions to recover damages for personal injury. It further contends that this motion is governed by the decision of the United States Court of Appeals for the Fourth Circuit in Erlanger Mills v. Cohoes Fibre Mills (239 F. 2d 502, 504). A North Carolina statute purported to authorize personal jurisdiction over nonresidents in cases arising out of the sale and manufacture of goods “ with the reasonable expectation that those goods are to be used or consumed in this State and are so used and consumed ”. The court held the statute violative of due process. It vacated the service of a summons and complaint upon a New York manufacturer in an action to recover $17,000 damages for breach of warranty of yarn sold and shipped from New York to plaintiff in North Carolina. The court implied that jurisdiction would not be sustained even if the action were framed in tort rather than in contract. However, the court went on to distinguish the case from those involving “ dangerous instrumentalities.”
Our Court of Appeals in the Goldberg ease (p. 436) also alluded to ‘ ‘ The concept that as to ‘ things of danger ’ the manufacturer must answer to intended users for faulty design or manufacture ”. That concept was invoked as a social justification for abolishing■ the rule requiring “ privity.” The cases *174 cited in support of that justification included the familiar action of MacPherson v. Buick Motor Co. (217 N. Y. 382), which removed privity as an element in a suit to recover damages for negligent manufacture, and the recent case of Greenberg v. Lorenz (9 N Y 2d 195) abolishing privity as a prerequisite to recovery for breach of implied warranty by a consumer of food.
That tends to suggest that the court only applied the label of “ tortious wrong ” to breaches of warranty which result in personal injury. The difficulty with that conclusion arises from the fact that the court also grounded the expanded tort liability of manufacturers on the authority of Randy Knitwear v. American Cyanamid Co. (11 N Y 2d 5). In that case, plaintiff was permitted to sue a manufacturer with whom there was no privity of contract for breach of an express warranty that the manufacturer’s chemical would prevent fabrics from shrinking. There was no claim for personal injury.
Nonetheless, it would be wrong to take pronouncements in the changing substantive law of privity so literally as to apply them uncritically to the changing law of personal jurisdiction. However, two propositions can be safely extracted. One is that distribution of a dangerously defective object which causes personal injury is a “tortious act” which, if committed in this State within the meaning of the statute, furnishes grounds for acquiring personal jurisdiction. The other is that distribution of an object which is merely less valuable than warranted is not a “tortious act” of the character that can ipso facto supply the requisite contact with a State for imposition of personal jurisdiction. This case falls somewhere in the middle. No one has suffered personal injury. But the consumer, and hence its vendor, claims consequential damages all out of proportion to the price of the lime.
The Appellate Divisions of the First and Third Departments have sustained jurisdiction in Singer v. Walker (21 A D 2d 285) and Feathers v. McLucas (21 A D 2d 558), respectively, under this “ tortious act ” subdivision upon the theory that the out-of-State manufacturer has caused to come into this State an instrumentality rendered dangerous to life and property because of the. defect. In the former case, the defendant shipped to a dealer in New York a hammer warranted to be “ unbreakable.” But it did break — to the loss of the consumer’s eye. Such a hammer was described as “ a particularly dangerous instrument because of its function and the false labeling which it bore with respect to its unbreakability ” (p. 288).
The court in the Singer case also disposed of another obstacle to jurisdiction which is whether the “ tortious act” was com *175 mitted ‘ ‘ within the State. ’ ’ The argument is available that the tortious act, if any, was committed in the manufacturer’s home State where, as in this case, the lime was shipped f. o. b. the manufacturer’s own premises (see Hellriegel v. Sears Roebuck & Co., 157 F. Supp. 718 U. S. Dist. Ct., N. D. Ill. 1957; Muraco v. Ferentino, 42 Misc 2d 104). However, as pointed out in the Singer case, the distribution of a dangerously defective instrumentality is properly deemed a tort which continues until it reaches the consumer wherever he might reside.
Sullivan & Son, Inc., contends that the allegedly defective lime comes within the ambit of the “ dangerous instrumentality ” approach. Counsel insists that the lime, if defective, and used for its purpose of building construction makes for an inherently dangerous condition which conceivably could result in serious human injury. It is true that the fortuitous occasion of an accident that causes property damage but no personal injury should not prevent the court from taking jurisdiction. Hence, the lack of personal injury as damages in this case does not defeat the motion to strike the defense of lack of jurisdiction. But the papers raise, at best, a question of fact as to whether the lime was inherently dangerous due to the claimed breach of warranty. Therefore, the motion of Sullivan & Son, Inc., to dismiss the defense of lack of jurisdiction must be denied if we are to limit the jurisdictional expression “ commits a tortious act within the State ” to those breach of warranty claims whereby the goods were rendered inherently dangerous by the defect.
On the other hand, we may construe the jurisdictional expression as including all claims for consequential damages arising out of breach of warranty even where the goods are not rendered inherently dangerous. Thus, the defense of lack of jurisdiction would be bad and this motion would be granted. Such a case would involve expenses incurred in correcting the defect or in replacing the plaster walls allegedly rendered worthless. But, the court noted in the Singer case that:‘‘ Due process considerations would undoubtedly be more restrictive if there were involved simply a dispute of commercial dimensions between parties to a commercial contract ” (21 A D 2d 285, 292). The Singer and Erlanger cases contrast the need of consumers for protection and local remedy for personal injury with the manufacturer’s need for protection from frivolous lawsuits in inconvenient jurisdictions. Of course, a breach of warranty may result in merely loss of value of the goods, or in consequential damages occasioned by delay, or in actual physical harm to property or in personal injury, or in any combination of the four *176 types of damages. It might offend pure logic to give the act of breach of warranty a different character on the basis of damage caused or damage likely to be caused. Nevertheless, the policy considerations behind extending the field of personal jurisdiction show that a line should be drawn to include only those cases involving goods rendered inherently dangerous to person or property.
Accordingly, the motion of third-party plaintiff to strike the defense of lack of jurisdiction pleaded in the third-party answer is denied.