■ DONALD V. NAPLES, Plaintiff, v. CITY OF NEW YORK et al., Defendants, and HENRY E. BERTRAM & SON, INC., Defendant and Third-Party Plaintiff-Appellant. JANESVILLE APPAREL CO., Third-Party Defendant-Respondent.— In a negligence and breach of warranty action to recover damages for personal injuries, third-party plaintiff appeals (1) from an order of the Supreme Court, Richmond County, dated June 20, 1969, which granted third-party defendant's motion to vacate service of the third-party summons and complaint and to dismiss the third-party action, and (2) from the judgment of said court entered thereon July 11, 1969. Order and judgment reversed, on the law, and motion remitted to Special Term for further proceedings not inconsistent with the views expressed herein, with $10 costs and disbursements to abide the event. In 1965, plaintiff, then a New York City fireman, commenced this negligence and breach of warranty action against third-party plaintiff ("Bertram"), third-party defendant ("Janesville") and others. The complaint alleged that plaintiff was injured while fighting a fire and that at that time he was wearing a fireman's "turn-out" coat which he had purchased from Bertram and which had been manufactured by Janesville, a Wisconsin corporation. The complaint alleged further that the negligence of Bertram and Janesville "consisted in manufacturing and selling to plaintiff a fireman's 'turn-out' coat which was so improperly made as not to afford to plaintiff proper and adequate protection from the effects of fire and heat and in failing to warn plaintiff of the inadequacies of the said coat." Bertram and Janesville were also charged with having breached their warranty that the coat "was suitable for the purpose for which it was intended, that it was fire resistant and that it afforded protection from fire and heat." Janesville was served without the State at a time when CPLR 302 afforded our courts jurisdiction over nondomiciliaries who had committed tortious acts *within* the State; and Janesville ultimately succeeded in having the action dismissed as against it for lack of jurisdiction (see *Naples* v. *Janesville Apparel Co.*, 29 A D 2d 971). Subsequent to the commencement of the action, CPLR 302 was amended so as to confer upon our courts jurisdiction over nondomiciliaries who commit "a tortious act *without the state* causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act" [emphasis added] (CPLR 302, subd. [a], par. 3). Bertram then attempted to bring Janesville back into the action by means of a third-party action which was commenced by service without the State. The third-party complaint seeks recovery over against Janesville in the event plaintiff recovers against Bertram for negligence (first cause of action) or breach of warranty (second cause of action). Janesville successfully moved to dismiss Bertram's first cause of action for legal insufficiency and the second cause of action for lack of jurisdiction. The Special Term dismissed the first cause of action (for common-law indemnity) on the theory that "The mere sale of an item, without more, is not

negligence, and if Bertram had a duty to warn and failed to do so, that would be active negligence and Bertram would not be entitled to implead another joint tort-feasor [citations omitted]." The court reasoned further that if, in fact, Bertram sold the coat as received from Janesville, " Bertram is not liable to the plaintiff for negligence and perforce may not assert such a claim over against Janesville [citations omitted]." Although a retailer need not ordinarily inspect the merchandise he sells for " latent defects" (see, e.g., *Heggblom* v. *John Wanamaker New York*, 178 Misc. 792, 796, affd. 266 App. Div. 825), he is under a duty to inspect for and to discover such defects as a reasonable physical inspection would disclose (*Santise* v. *Martins, Inc.*, 258 App. Div. 663; *Garvey* v. *Namm*, 136 App. Div. 815). The main complaint herein, however, does not reveal the nature of the alleged defect. Should it develop on trial that the defect was latent, Bertram would not be liable to plaintiff for negligence and there would, of course, be no basis for a claim over against Janesville. However, should it appear that the defect was one discoverable by reasonable physical inspection and, further, that Bertram either failed to inspect the coat altogether or inspected so negligently as not to discover the defect, Bertram would be chargeable with constructive notice of the defect and, therefore, liable to plaintiff in negligence. Nevertheless, one with mere constructive notice of a dangerous condition or defect created by another is deemed passively negligent and, as such, entitled to indemnity from the one who affirmatively created the condition or defect (*Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112; *Employers' Liab. Assur. Corp.* v. *Empire City Iron Works*, 7 A D 2d 1012). On the other hand, it might develop that Bertram inspected the coat and discovered the defect, but failed to warn plaintiff thereof. In such circumstances Bertram would be chargeable with active negligence and would not be entitled to indemnity. Since it appears, upon the record in its present state, that plaintiff might possibly recover against Bertram on the basis of passive negligence, Bertram's claim for indemnity should not have been dismissed at this stage of the proceedings (*Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430). Bertram's claim over for breach of warranty was dismissed for lack of jurisdiction on the theory that CPLR 302 (subd. [a], par. 3) applies only to tort actions in the strict sense. We disagree. By its very terms, paragraph 3 subjects to the jurisdiction of our courts those who commit " *tortious act*[*s*] without the state causing injury to person or property within the state" (emphasis added); provided, of course, the requirements of clauses (i) or (ii) thereof are also met. In our opinion, Janesville's conduct in injecting into commerce a fireman's " turn-out " coat which was unfit for the purpose intended (i.e., to afford the fireman protection against the effects of heat and fire) constituted a " tortious act " within the meaning of paragraph 3. " A breach of warranty, it is now clear, is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong" as well (*Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432, 436; see, also, *Angelilli Constr. Co.* v. *Sullivan & Son*, 45 Misc 2d 171, affd. 24 A D 2d 491, mot. for lv. to app. dsmd. 16 N Y 2d 860). Having allegedly committed a tortious act within the meaning of the statute, Janesville is amenable to the jurisdiction of our courts in a breach of warranty action arising from the act. The Legislature specifically excepted defamation actions from the operation of paragraph 3. Had they intended to except breach of warranty actions as well, they could have expressly so provided. Although reversal and denial of Janesville's motion is indicated by the foregoing, the motion must be remitted to Special Term for the purpose of determining whether Janesville comes within the provisions of either clause (i) or (ii) of paragraph 3. Such a determination should not be made, however, until Bertram shall have been afforded an opportunity to

obtain disclosure (see *Potter Real Estate Co.* v. *O & S Bearing & Mfg. Co.*, 32 A D 2d 883). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.