■ DON DONAHO, Plaintiff, v H.R.F. CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent. JEM ERECTORS, INC., et al., Third-Party Defendants; LESON CONSTRUCTION CORP., Fourth-Party Plaintiff-Respondent; GREENFIELD BRICKS, Fourth-Party Defendant-Appellant; GLEN GERY CORP., Fourth-Party Defendant-Respondent. [601 NYS2d 955] —In an action to recover damages for personal injuries, the fourth and fifth-party defendant Greenfield Bricks appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated June 14, 1991, as denied its motion for summary judgment dismissing the fourth and fifth-party complaints and all cross claims against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was injured when some bricks fell on him from a stack of bricks at a construction site. We reject the fourth and fifth-party defendant's contention that it had no duty to inspect the bricks or the stack it sold to the purchaser simply because the merchandise was shipped directly from the manufacturer to the construction site *(see, Buley v Rexnord Process Mach. Div.,* 105 AD2d 965; *Naples v City of New York,* 34 AD2d 577). In addition, we agree with the Supreme Court that there remains a question of fact as to whether the alleged defect in the stack of bricks could have been disclosed by a reasonable physical inspection *(see, Naples v City of New York, supra).* Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.